**Ex Parte Kenneth Everett KNIPP, Applicant.**

**No. AP–75624.**

Court of Criminal Appeals of Texas.

Oct. 3, 2007.

Kenneth Everett Knipp, pro se.

Gail Kikawa McConnell, Assistant District Atty., Conroe, Matthew Paul, State's Atty., Austin, for State.

## OPINION

HERVEY, J., delivered the opinion for a unanimous Court.

In this case, applicant raises a meritorious double-jeopardy claim in a subsequent application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure.[1] We will grant habeas corpus relief.

The meritorious double-jeopardy claim presented in applicant's subsequent writ is that applicant was twice convicted for the same delivery of a controlled substance. We adopt the following supported-by-the-record statement of facts from the State's answer to applicant's subsequent writ:

Applicant, Kenneth Everett Knipp, was indicted in Cause No. 03–12–08654–CR in a three-count indictment for the offenses of delivery of methamphetamine, **in an amount of one gram or more but less than four grams by aggregate weight,** including adulterants and/or dilutants, alleged to have occurred on or about **September 5, 12, and 25, 2003.** Applicant was also indicted in this cause, Cause No. 04–10–08609–CR, for the offense of delivery of methamphetamine, **in an aggregate [sic] of four grams or more but less than 200 grams by aggregate weight,** including adulterants and/or dilutants, alleged to have occurred on or about **September 12, 2003.** Pursuant to a plea agreement in both causes, Applicant pleaded guilty. On April 15, 2005, in accordance with the

---

1. The convicting court and the State both agree that applicant's subsequent writ presents a meritorious double-jeopardy claim, and they both recommend that applicant be granted habeas corpus relief.

plea agreements, the trial court found Applicant guilty as charged in each indictment and sentenced him to ten years imprisonment, probated for five years, in all three counts in Cause No. 03–12–08654–CR, and in this cause [Cause No. 04–10–08609–CR].

On September 20, 2005, the State filed a motion to revoke community supervision in all cases. On October 11, 2005, Applicant was indicted in Cause No. 05–10–08941–CR for the offense of possession of methamphetamine, in an amount of one gram or more but less than four grams, including adulterants and/or dilutants, alleged to have occurred on or about September 5, 2005. Pursuant to plea agreements, the State moved to dismiss Cause No. 05–10–08941–CR, and Applicant pleaded true to the allegations in the State's motions to revoke. On May 11, 2006, in accordance with the plea agreements, the trial court found true the allegations in the State's motions to revoke, dismissed Cause No. 05–10–08941–CR, revoked Applicant's community supervision in all cases in both Cause No. 03–12–08654–CR and this cause [Cause No. 04–10–08609–CR], and reformed the sentences to five years imprisonment.[2]

(Emphasis supplied).

The indictment in this case, therefore, alleges that applicant delivered between 4 and 200 grams of methamphetamine on or about "September 12, 2003." However, the trial court's original judgment in this case erroneously reflects that applicant committed this offense on "September 12, 2004." On June 26, 2006, applicant filed his initial writ, which, among other things, alleged that his counsel was ineffective for not asserting his actual innocence of this offense on the basis that applicant was incarcerated on September 12, 2004, and, therefore, could not have committed the offense on that date. On July 24, 2006, the convicting court filed a *nunc pro tunc* judgment reflecting that the offense in this case was committed on September 12, 2003. This Court denied relief on applicant's initial writ on August 9, 2006. *Ex parte Knipp*, WR–65, 381–01.

On December 12, 2006, applicant filed this subsequent writ asserting that the offense for which he was convicted in this case (i.e., delivering between 4 and 200 grams of methamphetamine on or about September 12, 2003, as reflected by the *nunc pro tunc* judgment) is actually the same offense alleged in count 2 of the indictment in cause number 03–12–08654–CR (i.e., delivering between 1 and 4 grams of methamphetamine on or about September 12, 2003). In its answer to applicant's subsequent writ, the State agrees and confirms that further investigation after the filing of applicant's subsequent writ reveals that:

Applicant made only one delivery to Detective Likens on September 12, 2003, at about 4:30 p.m., in the Academy parking lot, North Loop 336, Conroe, Montgomery County, Texas. [Exhibit E, being the affidavit of DEA agent Kirk Ervin] The lab report in this case reflected a gross weight of 24.7 grams, which included the heat sealed plastic bag used to transport and store the methamphetamine. [Ex E] The methamphetamine delivered by Applicant weighed 1.1

---

2. We understand the record to reflect that the five-year sentences in these cases are running concurrently, since it does not appear that they have been ordered to run consecutively. *See Ex parte Bates*, 538 S.W.2d 790, 792 (Tex. Cr.App.1976) (where a court does not order that two or more sentences in different prosecutions run consecutively, then they run concurrently), *overruled on other grounds in Ex parte Hale*, 117 S.W.3d 866, 872 n. 26 (Tex. Cr.App.2003); *see also* Article 42.08(a), TEX. CODE CRIM. PROC

grams, which is approximately the 1.4 gram weight reflected in the report of Conroe Police Detective David Womack. [Ex E]

Exhibit E to the State's response to applicant's subsequent writ is an affidavit from DEA agent Kirk Ervin, dated January 11, 2007, stating:

I have reviewed the files of the agency relating to the drug purchase made by Detective Don Likens on September 12, 2003, at about 4:30 p.m., from the applicant, Kenneth Knipp, in the Academy parking lot, North Loop 336, Conroe, Montgomery County, Texas. Only one buy was made from Mr. Knipp on that day at that time and place. The DEA laboratory determined that the substance containing the methamphetamine purchased from Mr. Knipp, weighed 1.1 grams. The lab report in this case reflects a Gross Weight of 24.7 grams. The difference in the weight of the methamphetamine substance and the gross weight is the packaging material-a heat sealed plastic bag, used to contain the methamphetamine for transport to the laboratory and storage.

The laboratory weight of the methamphetamine substance approximates the 1.4 gram weight reflected in the report of Conroe Police Detective David Womack in this case.

In its answer to applicant's subsequent writ, the State further asserts that it erroneously believed that applicant committed two deliveries on September 12, 2003, which apparently explains the two indictments alleging two separate deliveries on or about that date:

The State apparently mistook the gross weight in the DEA lab report as being the weight of methamphetamine delivered in some other delivery than that reported by Det. Womack, which was indicted as Count 2 in Cause No. 03–12–08654–CR, and again indicted Applicant [sic] in this cause. There is no legitimate state interest in enforcing any procedural default in this case.[3] Because Applicant was twice convicted and sentenced for the same delivery, Applicant is entitled to habeas corpus relief in this cause.

We, therefore, understand the record in this case to reflect that count 2 of the indictment in cause number 03–12–08654–CR alleged that applicant delivered between 1 and 4 grams of methamphetamine on or about September 12, 2003. The indictment in this case (cause number 04–10–08609–CR) alleged that applicant delivered between 4 and 200 grams of methamphetamine on or about September 12, 2003. Applicant was convicted in the other

---

**3.** This constitutes a waiver of the State's right to rely on this Court's decision in *Gonzalez v. State*, which held that a defendant could not raise for the first time on appeal (or on collateral attack) a double jeopardy claim that was not apparent on the face of the trial record and which would have required further proceedings to expand the record with new evidence to establish the double jeopardy claim. *See Gonzalez v. State*, 8 S.W.3d 640, 642–46 (Tex.Cr.App.2000). This Court's decision in *Gonzalez* noted that this was "more or less consistent" with federal law, particularly *United States v. Broce*, 488 U.S. 563, 570–76, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). In *Broce*, the Supreme Court decided that a de-

fendant concedes that he has committed two separate crimes when this defendant pleads guilty to "two counts with facial allegations of distinct offenses." *See id.* Under *Broce*, this guilty-pleading defendant may not seek to set aside the plea in collateral proceedings by expanding the record with new evidence to establish a double-jeopardy claim, because of the "substantial interest the Government has in the finality of the plea." *See id.* In this case, the State has indicated its willingness to forego its substantial interest in the finality of applicant's plea, and it would serve no legitimate state interests to enforce usual rules of procedural default. *See Gonzalez*, 8 S.W.3d at 643.

case (count 2 of the indictment in cause number 03–12–08654–CR) of delivering between 1 and 4 grams of methamphetamine on or about September 12, 2003. Applicant was also convicted in this case (cause number 04–10–08609–CR) of delivering between 4 and 200 grams of methamphetamine on or about September 12, 2003. The record further reflects (as shown by the State's response to applicant's subsequent writ and the affidavit of DEA agent Ervin) that these two convictions are based on the same delivery of between 1 and 4 grams of methamphetamine on September 12, 2003.[4] They were indicted as two separate offenses because the State "apparently mistook" the DEA lab report to indicate that applicant made two separate deliveries on that date.

The State claims that this Court can consider the merits of applicant's subsequent writ under Article 11.07, Section 4(a)(1), TEX.CODE CRIM. PROC., because it is "unlikely that Applicant saw or could have known what the laboratory report and offense reports reflected" when he filed his initial writ.[5] We, however, find it unnecessary to decide whether applicant's subsequent writ meets the requirements of Article 11.07, Section 4(a)(1).[6] We decide that applicant's subsequent writ and the record establish "that, by a preponderance of the evidence, but for [the double-jeopardy violation] no rational juror could have found the applicant guilty beyond a reasonable doubt." *See* Article 11.07, Section 4(a)(2),

TEX.CODE CRIM. PROC. Applicant has accompanied the meritorious double-jeopardy claim in his subsequent writ with a prima facie showing of actual innocence of delivering between 4 and 200 grams of methamphetamine on or about September 12, 2003, as alleged in the indictment in this case. *See Ex parte Brooks,* slip op. at 2 (Tex.Cr.App. No. AP–75,405, delivered April 4, 2007) (an applicant must accompany constitutional-violation claims with a prima facie claim of actual innocence in order to satisfy the requirements of Article 11.07, Section 4(a)(2)). On this record, applicant could not be guilty of this offense. *See id.*

The judgment in cause number 04–10–08609–CR in the 221st Judicial District Court of Montgomery County is set aside. Copies of this opinion shall be sent to the Texas Department of Criminal Justice—Correctional Institutions Division and Pardons and Paroles Division.

---

4. The convicting court also found that applicant "was twice convicted and sentenced for the same offense, being in this cause and in Count 2, Cause No. 03–12–08654–CR."

5. Article 11.07, Section 4(a), prohibits this Court from considering the merits of a subsequent writ unless the subsequent writ establishes that "the current claims and issues could not have been presented previously in an original application or in a previously considered application filed under this article be-

cause the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application[.]"

6. Arguably, applicant could not have asserted the double-jeopardy claim presented in his subsequent writ until after the convicting court's July 24, 2006, *nunc pro tunc* judgment correcting the offense date to September 12, 2003. This was after applicant filed his initial writ on June 26, 2006, and before it was denied on the merits on August 9, 2006.