

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. AP-76,276

---

### EX PARTE JAMES ALVIN HOPSON, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 29355-B IN THE 27TH JUDICIAL DISTRICT COURT
### FROM BELL COUNTY

---

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to escape, and was sentenced to life imprisonment. He did not appeal his conviction.

Applicant filed a previous writ of habeas corpus challenging this conviction on the basis of an improperly-entered affirmative deadly weapon finding. This Court granted relief pursuant to that writ, insofar as removing the affirmative deadly weapon finding from the judgment. However, this Court did not allow Applicant to withdraw his plea. This is Applicant's second writ of habeas

corpus challenging this particular conviction.

In this writ, Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because counsel failed to correctly advise him of the range of punishment applicable to this offense, and allowed him to plead guilty to an improperly enhanced charge, rendering his guilty plea involuntary. The indictment in this case charged Applicant with escape using a deadly weapon, a second degree felony. The indictment also contained an enhancement allegation, which elevated the punishment range to that of a first degree felony. However, the conviction used to enhance to first degree punishment range was the same conviction alleged as an element of the offense. This double use of the same conviction was improper. *See Mc Williams v. State*, 782 S.W.2d 871, 876 (Tex. Crim. App. 1990).

Applicant's trial counsel has filed an affidavit, in which he concedes that the enhancement was improper. However, because of the passage of time, counsel has no independent recollection of this case and is unable to explain why this matter was overlooked. Counsel states his belief that Applicant should have been subject to a maximum punishment in this cause of twenty years' imprisonment.

This Court remanded to the trial court to determine whether there was any documentation indicating that Applicant was properly admonished as to the correct punishment range for this offense. After remand, the trial court finds that it is the common practice in Bell County to orally admonish the defendant as to the applicable punishment range, and that no written admonishments could be located in this case. The transcript of the plea hearing indicates that Applicant was not orally admonished as to the correct range of punishment for this charge.

This Court also asked the trial court to determine whether Applicant had other final felony

convictions that could have been used to enhance his punishment in this case. The trial court has determined that Applicant did not have other prior felony convictions that could have been used in place of the improperly-used murder conviction. Therefore, had Applicant elected to plead not guilty and take this case to trial, he could not have been properly convicted of first degree felony escape.

We find that Applicant has made a *prima facie* showing of actual innocence with respect to the charge of first degree escape, allowing this Court to consider Applicant's claims that his trial counsel was ineffective and his plea involuntary in this subsequent application. *See Ex part Knipp*, 236 S.W.3d 214 (Tex. Crim. App. 2007). Because Applicant was not properly admonished of the correct punishment range for this charge, and because he was allowed to plead guilty to the improperly-enhanced charge, his plea was not knowingly and voluntarily entered. We find, therefore, that Applicant is entitled to withdraw his plea.

The judgment of conviction in Cause No. **FR 29355-B** from the 27th Judicial District Court of Bell County is hereby set aside, and Applicant is remanded to the custody of the Sheriff of Bell County to answer the charge. Copies of this opinion shall be sent to the Texas Department of Criminal Justice--Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 27, 2010
Do Not Publish