IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,928-03






EX PARTE BENJAMIN GONZALES LOPEZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2010CR6848-W1 IN THE 187TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam. 



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted pursuant to a plea
agreement of aggregate theft and was sentenced to ten years' imprisonment.

 Applicant was alleged to have stolen four motorcycles: one in Hays County, two in Bexar
County, and one in Bell County. Police found them hidden in a storage shed in Bexar County.
Applicant was convicted of the Hays County theft on September 9, 2010, in the 22nd District Court
of Hays County. He was later convicted on March 9, 2011, in Bexar County, of aggregate theft,
which is the subject of this writ application. The Bexar County indictment alleged the theft of the
Hays County motorcycle and both Bexar County motorcycles, aggregating their values to determine
the total amount stolen, but it omitted reference to or the value of the motorcycle stolen in Bell
County. See Tex. Code Crim. Proc. art. 13.08 (allowing property theft to be prosecuted in county
where theft occurred or in county where the stolen items are taken). So it appears that Applicant is
being punished twice for the Hays County motorcycle theft, which constitutes a double jeopardy
violation. See Brown v. Ohio, 432 U.S. 161 (1977); Gonzales v. State, 304 S.W.3d 838 (Tex. Crim.
App. 2010). The trial court recommends granting relief, but this Court holds that the alleged error
is procedurally barred from habeas review under the facts of this case.

 Applicant raised no double jeopardy objection before the trial court. Normally, record based
claims such as Applicant's claim may not be reviewed in habeas. Ex parte Banks, 769 S.W.2d 539
(Tex. Crim. App. 1989); Ex parte Gardner, 959 S.W.2d 189 (Tex. Crim. App. 1996). Similarly,
claims of error are not reviewed on direct appeal unless there was an objection before the trial court.
Tex. R. App. Proc. 33.1; Jiminez v. State, 32 S.W.3d 233 (Tex. Crim. App. 2000). This Court,
however, has not always followed the general procedural default rules with double jeopardy claims
due to the fundamental nature of the right. Gonzalez v. State, 8 S.W.3d 640, 642-3 (Tex. Crim. App.
2000) (recognizing "The overriding principles expressed by this case-law are that, because of the
fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the
first time on appeal or even for the first time on collateral attack"); Ex parte Denton, ___ S.W.3d
___, Nos. AP-76,801 and AP-76,802 at *5 (Tex. Crim. App. del. May 22, 2013). A double jeopardy
claim will be reviewed on direct appeal or in habeas, even when not preserved, when the undisputed
facts show the double jeopardy violation is clearly apparent on the face of the record and when
enforcement of usual rules of procedural default serves no legitimate state interest. Id.

 In Applicant's case, although the double jeopardy violation appears to be clear when the
Bexar County record is reviewed along with the documents from the Hays County record, the error
is not apparent on the face of the Bexar County record alone, which it must be to overcome the
procedural bar resulting from Applicant's failure to lodge an objection before the trial court. See id.;
Ex parte Knipp, 236 S.W.3d 214, 216 n. 3 (Tex. Crim. App. 2007). Thus, because extra-record
reference must be made to a prosecution in a different county that was separate from the prosecution
in this case, Applicant's unpreserved double jeopardy violation raised for the first time in this habeas
proceeding is not clearly apparent in the record of conviction. Applicant's bare, double jeopardy
claim is therefore procedurally barred from review.

 Applicant also asserts that trial counsel was ineffective for failing to perceive the double
jeopardy issue, but because Applicant opted to represent himself at trial, he may not complain that
he received ineffective assistance of counsel. Robinson v. State, 16 S.W.3d 808, 813 n. 6 (Tex.
Crim. App. 2000). Applicant's final claim that his plea agreement was not followed is without merit.
All relief is denied.

Filed: June 12, 2013

Do not publish