

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-80,939-01, WR-80,939-02, & WR-80,939-03

## EX PARTE ERIC REED MARASCIO, Applicant

## ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
## CAUSE NOS. W380-80601-09-HC, W380-80602-09-HC, & W380-80603-09-HC
## IN THE 380TH DISTRICT COURT
## FROM COLLIN COUNTY

ALCALA, J., filed dissenting opinion in which JOHNSON, J., joined.

### DISSENTING OPINION

Without any explanation or analysis, this Court's per curiam opinion holds that applicant is not entitled to relief. And although it acknowledges that we "filed and set these applications to determine several issues associated with applicant's double-jeopardy claims," this Court's opinion, again, without any explanation or analysis, does not even mention the issues, much less analyze them. I determine that these claims should not be rejected on the basis of procedural default, and I conclude that the application for a writ of habeas corpus filed by Eric Reed Marascio, applicant, should be granted. I, therefore, respectfully dissent.

# I. Analysis of Procedural Default

With respect to the suggestion that this applicant's double-jeopardy claims should be rejected due to procedural default, I respectfully disagree. I would apply this Court's current precedent to this case as a basis for concluding that applicant's claims are not procedurally barred. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). Our jurisprudence sets forth (1) common-law principles applicable to habeas corpus relief, (2) this Court's precedent in which it has granted habeas relief for double-jeopardy violations in cases with a procedural posture similar to this case, and (3) our current rule that permits this Court to take procedural default into consideration in a way that is more appropriate for applications for writs of habeas corpus.

First, this Court adheres to longstanding common-law principles to fairly and equitably resolve applications for writs of habeas corpus. The Texas Constitution gives this Court broad authority to issue the writ of habeas corpus. TEX. CONST. art. V, § 5(c); *Ex parte Davis*, 353 S.W.2d 29, 32 (Tex. Crim. App. 1962) ("We entertain no doubt that this Court has ample authority to issue the writ of habeas corpus in almost any conceivable case.") (citing *Ex parte Degener*, 30 Tex. Ct. App. 566, 17 S.W. 1111 (1891)). As a general rule, however, post-conviction writs of habeas corpus are reserved for jurisdictional defects and denials of fundamental or constitutional rights. *Ex parte Drake,* 883 S.W.2d 213, 215 (Tex. Crim. App. 1994); *Ex parte Sadberry,* 864 S.W.2d 541, 542 (Tex. Crim. App. 1993). The right against double jeopardy is undeniably a constitutional right, made applicable to the

states by the Fourteenth Amendment. *See* U.S. CONST. amend. V, XIV; *Benton v. Maryland*, 395 U.S. 784, 794 (1969). Furthermore, this Court has held repeatedly that double-jeopardy protections are of a fundamental nature. *See Ex parte Denton,* 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *Langs v. State,* 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez*, 8 S.W.3d at 643.

Rather than apply strict procedural rules to decide applications for writs of habeas corpus, this Court traditionally has applied common-law equitable principles in determining whether post-conviction relief is warranted. We have long acknowledged that the writ of habeas corpus is of common-law origin and governed by common-law equitable principles. *Ex parte Smith*, 444 S.W.3d 661, 664 (Tex. Crim. App. 2014); *Ex parte Perez*, 398 S.W.3d 206, 210-11 (Tex. Crim. App. 2013); *Ex parte Gaither*, 387 S.W.3d 643, 648 (Tex. Crim. App. 2012); *Drake,* 883 S.W.2d at 215; *Ex parte Emmons*, 660 S.W.2d 106, 110 (Tex. Crim. App. 1983). "[T]he writ of habeas corpus is an extraordinary remedy, any grant of which must be underscored by elements of fairness and equity." *Perez*, 398 S.W.3d at 216; *see also Ex parte Parrott*, 396 S.W.3d 531, 534 n.6 (Tex. Crim. App. 2013) (observing that habeas corpus relief is "an extraordinary remedy premised on equity and not on error correction as is the focus of direct appeal"). By applying the same strict procedural-default rules that apply to claims raised on direct appeal in deciding to deny habeas relief to an applicant claiming a double-jeopardy violation, this Court fails to fairly and equitably resolve applications for writs of habeas corpus in conformity with common-law principles.

Second, for over forty years, this Court has considered, and in numerous cases granted, habeas relief for double-jeopardy violations, and this Court should continue to adhere to that precedent. *See*, *e.g.*, *Ex parte Scelles,* 511 S.W.2d 300 (Tex. Crim. App. 1974); *Ex parte Calderon*, 508 S.W.2d 360 (Tex. Crim. App. 1974); *Ex parte Evans,* 530 S.W.2d 589 (Tex. Crim. App. 1975); *Ex parte Farris,* 538 S.W.2d 134 (Tex. Crim. App. 1976); *Ex parte Jewel*, 535 S.W.2d 362 (Tex. Crim. App. 1976); *Ex parte Hilliard,* 538 S.W.2d 135 (Tex. Crim. App. 1976); *Ex parte Pleasant,* 577 S.W.2d 256 (Tex. Crim. App. 1979); *Ex parte Morehead*, 596 S.W.2d 895 (Tex. Crim. App. 1980); *Ex parte McAfee,* 761 S.W.2d 771 (Tex. Crim. App. 1988); *Ex parte Stover,* 946 S.W.2d 343 (Tex. Crim. App 1997); *Ex parte Diaz*, 959 S.W.2d 213 (Tex. Crim. App. 1998); *Ex parte Ervin*, 991 S.W.2d 804 (Tex. Crim. App. 1999); *Ex parte Hawkins*, 6 S.W.3d 554 (Tex. Crim. App. 1999); *Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006); *Ex parte Knipp*, 236 S.W.3d 214 (Tex. Crim. App. 2007); *Ex parte Senterfitt*, No. AP-75,659, 2007 WL 1138875 (Tex. Crim. App. April 18, 2007); *Ex parte Lacy*, No. AP-75,939, 2008 WL 2390978 (Tex. Crim. App. June 11, 2008); *Ex parte Ramos*, No. AP-75,962, 2008 WL 2673713 (Tex. Crim. App. July 2, 2008); *Ex parte Padilla,* No. AP-76,266, 2009 WL 4936403 (Tex. Crim. App. Dec. 16, 2009); *Ex parte Amador*, 326 S.W.3d 202 (Tex. Crim. App. 2010); *Ex parte Gallegos*, Nos. AP-76,661 & AP-76,662, 2011 WL 4827825 (Tex. Crim. App. Oct. 12, 2011); *Ex parte Chaddock*, 369 S.W.3d 880 (Tex. Crim. App. 2012); *Ex parte Carle*, 369 S.W.3d 879 (Tex. Crim. App. 2012); *Ex parte Denton*, 399 S.W.3d 540 (Tex. Crim. App. 2013); *Ex parte*

*Gamble*, Nos. AP-77,014 & AP-77,015, 2013 WL 1654931 (Tex. Crim. App. April 17, 2013); *Ex parte Stepp*, No. AP-77,011, 2013 WL 1654875 (Tex. Crim. App. April 17, 2013); *Ex parte Marrufo*, No. WR-80,822-01, 2014 WL 1396172 (Tex. Crim. App. April 9, 2014); *Ex parte Wright*, No. WR-42,963-02, 2014 WL 5369863 (Tex. Crim. App. Sept. 24, 2014); *Ex parte Benson*, No. WR-81,764-01, 2015 WL 1743459 (Tex. Crim. App. April 15, 2015).

Two years ago, this Court granted relief on a subsequent application for a writ of habeas corpus under the theory that a double-jeopardy claim is essentially an actual-innocence claim for purposes of overcoming the bar on subsequent writs. *See Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013). We stated, "In cases claiming double-jeopardy violations, an applicant may prove actual innocence by providing facts sufficient to establish by a preponderance of the evidence that, but for a double-jeopardy violation, no rational juror could have found the applicant guilty of the challenged offense beyond a reasonable doubt." *Id. Milner* cited to *Knipp*, in which this unanimous Court stated, "We decide that applicant's subsequent writ and the record establish 'that, by a preponderance of the evidence, but for [the double-jeopardy violation] no rational juror could have found the applicant guilty [of the jeopardy-barred offense] beyond a reasonable doubt.'" *Knipp*, 236 S.W.3d at 217 (quoting TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2)). In light of its procedural similarities to an actual-innocence claim, a double-jeopardy claim should likewise not be subject to rigid procedural-default rules that this Court has recognized are inappropriate in both contexts. Under the common law that has been applied by this Court

for nearly half a century, strict procedural rules are inappropriate when considering whether to grant habeas relief for a double-jeopardy violation.

Third, this Court should continue to apply its precedent in *Gonzalez* that has worked reasonably well in permitting certain double-jeopardy claims to be rejected on the grounds of procedural default while permitting others to be addressed on their merits through applications for writs of habeas corpus when the enforcement of procedural-default rules would serve no legitimate State interest. *See Gonzalez*, 8 S.W.3d at 643. In *Gonzalez*, this Court described the issue it was addressing by stating, "In this case we decide that [Gonzalez's] 'multiple punishments for the same offense' federal constitutional double jeopardy claim is a forfeitable claim which may not be raised for the first time on appeal." *Id*. at 640. This Court held that Gonzalez's complaint was procedurally forfeited because "[t]imely raising the matter in the trial court would have provided the trial court and the prosecution an opportunity to remove the basis of the objection, and it also would have provided the prosecution" the opportunity to proceed on the second paragraph without the risk of an unnecessary retrial. *Id*. at 645-46. In explaining its reasoning as to why some double-jeopardy claims are subject to procedural default and others are not, this Court stated,

> Our case-law on preservation of double jeopardy claims is not a model of clarity. The overriding principles expressed by this case-law are that, because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal or even for the first time on collateral attack when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests.

*Id*. at 642-43 (citations omitted). In *Gonzalez*, this Court clearly determined that, based on a case-by-case assessment of each record, some double-jeopardy claims would be subject to procedural default while others would not, noting that not "*all* multiple punishments claims may be raised for the first time on appeal," but that "[a]ppellate courts, even the Supreme Court, have addressed the merits of arguably unpreserved claims when . . . the other party does not object." *Id*. at 644. Anyone who suggests that *Gonzalez* was merely a jury-charge case misunderstands this Court's reasoning and holding. *Gonzalez* discussed the precise issue that is before this Court in the present case, and it held that courts have traditionally addressed even unpreserved double-jeopardy claims when appropriate.

In general, a constitutional claim is forfeited on collateral review if an applicant had the opportunity to raise that claim on direct appeal but failed to do so. *See Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). However, due to its fundamental importance, under *Gonzalez*, an applicant may raise a double-jeopardy claim for the first time on collateral attack if (1) the undisputed facts show the double-jeopardy violation is clearly apparent from the face of the record, and (2) enforcement of usual rules of procedural default serves no legitimate State interest. *See Gonzalez*, 8 S.W.3d at 643. A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the claim. *Denton*, 399 S.W.3d at 544; *Knipp*, 236 S.W.3d at 214, 216 n.3. We have also indicated that, where the interests of justice outweigh the State's interest in the finality of a conviction

obtained in contravention of constitutional double-jeopardy protections, then enforcing the normal procedural rules serves no legitimate State interest. *Denton*, 399 S.W.3d at 545.

The *Gonzalez* rule has been used to both permit and deny double-jeopardy claims raised in post-conviction writ proceedings. *Compare id*. (finding both prongs of the *Gonzalez* test met and granting habeas relief on double jeopardy), *with Ex parte Lopez*, No. WR-78,928-03, 2013 WL 2726319, at *1 (Tex. Crim. App. June 12, 2013) (per curiam) (finding claim procedurally barred based on the absence of a double-jeopardy violation apparent on the face of the record). Although evaluating whether a double-jeopardy claim is clearly apparent on the face of the record requires addressing the merits of the claim in some cases, that type of analysis is not always necessary. *Compare Garfias v. State*, 424 S.W.3d 54, 64 (Tex. Crim. App. 2014), *with Guerrero v. State*, 305 S.W.3d 546, 560 (Tex. Crim. App. 2009).

I note here that it is inappropriate to characterize this Court's opinion in *Ex parte Townsend* as a decision applicable particularly to double-jeopardy claims. *See Townsend*, 137 S.W.3d at 81-82. The facts underlying the post-conviction claim in *Townsend* were that the defendant had pleaded guilty to possession of cocaine in 1990, and he was sentenced to ten years' imprisonment with the condition that he successfully complete boot camp in prison. *Id*. at 80. After he completed the boot camp, Townsend was placed on probation. *Id*. In 1991, the State filed a motion to revoke his probation. *Id*. In 1992, Townsend was found guilty of murder, and, on that same day, his probation was revoked. *Id*. The trial court

cumulated both sentences. *Id*. In a post-conviction writ application, Townsend asserted that the "stacking order was improper because he had already begun his sentence by attending Boot Camp." *Id*. This Court held that Townsend had forfeited his claim by failing to raise the issue on direct appeal. *Id*. at 81. In light of *Townsend*, this Court has repeatedly stated that, in general, constitutional claims may be procedurally forfeited by a lack of objection at trial or a failure to present the complaint on appeal. *See id*. But, as the extensive number of cases cited above demonstrates, in the decade since *Townsend* was decided, this Court has not applied strict procedural-default rules to double-jeopardy claims presented on habeas and has instead evaluated such claims on a case-by-case basis to determine whether they should be subject to procedural forfeiture or evaluated on their merits. *See Gonzalez*, 8 S.W.3d at 643.

I recognize that sometimes the *Gonzalez* factors can be difficult to apply, but the answer to the problem should not be to throw out the entire remedy merely because there are a few flies in the ointment. An imperfect remedy is surely better than no remedy at all, which would occur if strict procedural default became the law applicable to double-jeopardy claims. Applying the *Gonzalez* rule to this case, I would hold that the question before us is one of a matter of law and that procedural default should not apply to this case.

## II. Analysis of the Merits

This Court does not explain why it rejects applicant's claims for relief. Rather than simply state that I would grant relief as to the merits of his applications, I provide my

reasoning here.

Applicant's claims pertain to the bar on multiple punishments for the same offense. *See Bigon v. State*, 252 S.W.3d 360, 369-70 (Tex. Crim. App. 2008). Applicant was convicted of three offenses for a single act in failing to appear for a court setting on three cases for which he was on bail under the failure to appear/bail jumping statute that states,

> A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release.

TEX. PENAL CODE § 38.10(a).

Applicant violated three contracts with the trial court to appear for the charges in each of his three cases. In determining whether a particular course of conduct involves one or more distinct offenses under a single statute, we must ascertain the "allowable unit of prosecution" under the statute. *Bigon*, 252 S.W.3d at 371-72. The bail jumping/failure to appear statute does not expressly define the allowable unit of prosecution for the offense. TEX. PENAL CODE § 38.10. The statutory language, however, focuses on a defendant's failure to appear in accordance with the "terms of his release." It is axiomatic that applicant is a single person and could be released from his confinement only one time, regardless of the number of cases for which he was being held. Because the statutory language refers to the "terms of his release," this suggests that the gravamen of the offense of bail jumping treats his release as a single thing regardless of whether he is being released on bail on one or many cases. In a situation involving a similar gravamen, this Court has definitively held

that only one conviction is permitted. *See Harris v. State*, 359 S.W.3d 625, 630-32 (Tex. Crim. App. 2011) (holding that multiple convictions for indecency with a child by exposure violated double jeopardy because the gravamen of the offense was the exposure and not the number of children present). Similarly, here, the gravamen of the offense of bail jumping is the act of failing to appear in court as required by the terms of applicant's release from confinement on the multiple cases, and not the number of cases for which applicant failed to appear. In accordance with this Court's precedent in *Harris*, applicant may be convicted of only one bail jumping case for his failure to appear on the multiple cases for which he had been released from confinement. *See id*.

### III. Conclusion

In light of this Court's common-law approach to determining whether habeas relief is warranted, I would leave intact the current case law that applies procedural default to double-jeopardy claims on a case-by-case basis. Thus, I would apply the rule of *Gonzalez* to the facts of this case and determine that applicant's double-jeopardy claim is entitled to consideration on its merits. Because the gravamen of the offense of bail jumping is whether applicant failed to meet the terms and conditions of his release from his confinement, and because he failed to appear at a single court setting, applicant has shown, on the face of the record, that he is entitled to relief from the multiple convictions. I, therefore, would grant his application for relief.

Filed: October 7, 2015

Publish