

**NUMBER 13-17-00646-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

ROY NANEZ JR.,                                          **Appellant,**

**v.**

THE STATE OF TEXAS,                                   **Appellee.**

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Hinojosa
### Memorandum Opinion by Justice Longoria

Appellant Roy Nanez, Jr. was convicted for aggravated assault with a deadly weapon, aggravated assault, and unlawful restraint of someone less than seventeen years of age. *See* TEX. PEN. CODE ANN. §§ 22.02(a)(2), 22.02(a)(1), 20.02(2) (West, Westlaw through 2017 1st C.S.). By a single issue, Nanez argues that his convictions for

aggravated assault with a deadly weapon and aggravated assault constituted a multiple punishment double jeopardy violation. We reverse and render judgment of acquittal as to count two for aggravated assault and affirm as modified as to count one for aggravated assault with a deadly weapon.

## I. BACKGROUND

Nanez was indicted for the offense of aggravated assault with a deadly weapon, a second-degree felony (count 1), aggravated assault, a second-degree felony (count 2), assault of a family/house member by impeding breath or circulation, a third-degree felony (count 3), unlawful restraint of someone less than seventeen years of age, a state jail felony (count 4), and injury to a child/elderly/disabled person with intent to cause bodily injury, a third-degree felony (count 5). *See* TEX. PEN. CODE ANN. §§ 22.02(a)(2), 22.02(a)(1), 22.01(c), 20.02(2), 22.04(f) (West, Westlaw through 2017 1st C.S.).

On November 2, 2017, the jury returned a guilty verdict on counts 1, 2, and 4. On count 1, the jury sentenced Nanez to fifty-five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. On count 2, the jury sentenced Nanez to twenty-five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. On count 4, the jury returned a sentence of ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. The trial court pronounced sentence as assessed by the jury on counts 1 and 2; on count 4, the trial court pronounced sentence as twelve years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. This appeal ensued.

## II. DOUBLE JEOPARDY

2

In his sole issue, Nanez argues that his conviction on both count 1 and count 2 constituted a double jeopardy violation.[1]

## A.  Standard of Review and Applicable Law

Generally, a double jeopardy claim must be raised in the trial court to preserve the error for appellate review.  *Gonzalez v. State*, 8 S.W.3d 640, 643–46 (Tex. Crim. App. 2000).  An exception to this general rule applies if (1) the undisputed facts show the double jeopardy violation is clearly apparent from the face of the record and (2) the enforcement of the usual rules of procedural default serves no legitimate state purpose. *Id*.  A double jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence to support the claim.  *Ex parte Knipp*, 236 S.W.3d 214, 216, n. 3 (Tex. Crim. App. 2007).

The Double Jeopardy Clause of the United States Constitution provides no person shall be subjected to twice having life or limb in jeopardy for the same offense.  U.S. CONST., amend. V.  Generally, this clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).  "When the same act or transaction violates two different penal statutes, the two offenses are the same for double-jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element." *Duvall v. State*, 59

---

[1] Nanez does not challenge his conviction or sentence for unlawful restraint on count 4.

S.W.3d 773, 777 (Tex. App.—Austin 2001, pet. ref'd) (citing *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932)).

## B. Analysis

The State concedes that punishing Nanez under both count 1 and count 2 constitutes a double jeopardy violation in this case. Both counts involve the same exact assaultive incident, wherein Nanez attacked the same person, on the same date (March 1, 2017), by the same means (his hand, foot, boot, and broomstick). The State also concedes that there was no break in Nanez's attack such that it would have divided the attack into two distinguishable assaults.

As both Nanez and the State acknowledge, the proper remedy for a multiple punishment double jeopardy violation is to affirm the conviction for the most serious offense and vacate the other conviction. *See Bigon v. State,* 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). The most serious offense is the offense of conviction for which the greatest sentence was assessed. *See Ex parte Cavazos,* 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). In this case, the most serious offense is count 1 because Nanez was assessed fifty-five years' imprisonment on count 1 compared to the twenty-five years' imprisonment he received on count 2. Therefore, we affirm Nanez's conviction on count 1 for aggravated assault with a deadly weapon and reverse and render acquittal of Nanez's conviction on count 2 for aggravated assault. We sustain Nanez's sole issue.

### III. CONCLUSION

We reverse and render judgment of acquittal as to count two for aggravated assault and affirm as modified as to count one for aggravated assault with a deadly weapon.

4

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of February, 2019.