

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00214-CR

_____

EDWARD LEON CLAYBORN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1546162D

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In a charge containing sixteen counts, a jury convicted Appellant Edward Leon Clayborn of four counts of robbery and two counts of engaging in organized criminal activity with robbery as the predicate offense. *See* Tex. Penal Code Ann. §§ 29.02(a), 71.02(a)(1). For each of the six convictions, the jury assessed Clayborn's punishment at confinement in the penitentiary for eighteen years and a $500 fine. The trial court sentenced Clayborn in accordance with the jury verdicts, and all six sentences are running concurrently. *See Ex parte Knipp*, 236 S.W.3d 214, 215 n.2 (Tex. Crim. App. 2007); *Cazarez v. State*, 606 S.W.3d 549, 562–63 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

On appeal, Clayborn raises three points,

[1] The trial court erred in overruling [Clayborn's] objection to the jury charge on the grounds that it allowed the jury to convict on both a greater and lesser included offense in violation of the Double Jeopardy Clause of the Fifth Amendment.

[2] The trial court reversibly erred by issuing a jury charge on punishment that is violative of [Clayborn's] rights to due process and due course of law.

[3] The judgments entered below in counts 15 and 17 incorrectly state the offenses for which [Clayborn] was convicted.

Caselaw from the court of criminal appeals has held squarely against Clayborn on his first two points, so we overrule them. We sustain Clayborn's third point and modify

the judgments for Counts Fifteen and Seventeen to correctly reflect the offenses for which he was convicted.

## II. BACKGROUND

Clayborn participated in a series of robberies in Tarrant County that the police referred to as the Jabbawockeez robberies due to the distinctive masks that the robbers wore.[1] Clayborn's indictment originally contained thirty-eight counts, but the State waived twenty counts before jury selection and waived two more counts before jury deliberations. Of the remaining sixteen counts submitted to the jury, the jury found Clayborn not guilty on ten counts. On each of the other six counts, the jury found Clayborn guilty of a lesser-included offense.

## III. DISCUSSION

### A. Double Jeopardy

Clayborn objected to the charge because it allowed the jury to convict him of both the greater offenses (engaging in organized criminal activity with robbery as the predicate offense) and the lesser-included offenses (robbery). Because the elements of the lesser-included offenses of robbery were wholly subsumed within the elements of the greater offenses of engaging in organized criminal activity using robbery as the predicate offense, Clayborn argues that convicting him of both offenses violated double jeopardy. *See Brown v. Ohio*, 432 U.S. 161, 168, 97 S. Ct. 2221, 2226–27 (1977).

---

[1]"Jabbawockeez" refers to a dance group that often performs while wearing similar masks.

### 1. The Charge

For an offense committed on or about September 30, 2017, against Alma Beltran, the jury found Clayborn guilty of engaging in organized criminal activity when committing the predicate offense of robbery in Count Fifteen. In Count Sixteen, the jury also found Clayborn guilty of robbery for an offense committed on or about September 30, 2017, against Alma Beltran. This is the first alleged double-jeopardy violation about which Clayborn complains.

Next, the jury found Clayborn guilty of Count Seventeen, engaging in organized criminal activity when committing the predicate offense of robbery on or about September 30, 2017, against Antonio Ortiz. And the jury also found Clayborn guilty of Count Eighteen—robbery—for an offense committed on or about September 30, 2017, against Antonio Ortiz. This is the second alleged double-jeopardy violation about which Clayborn complains.

### 2. Discussion

In the context of engaging in organized criminal activity and the lesser-included offense alleged within the offense of engaging in organized criminal activity, the court of criminal appeals has already held against Clayborn's position. *See Garza v. State*, 213 S.W.3d 338, 351–52 (Tex. Crim. App. 2007); *see also Ex parte Chaddock*, 369 S.W.3d 880, 883 (Tex. Crim. App. 2012). On this issue, we have previously followed the court of criminal appeals. *See Garrett v. State*, No. 02-16-00121-CR, 2017 WL 3298260,

at *2 (Tex. App.—Fort Worth Aug. 3, 2017, pet. ref'd) (per curiam) (mem. op., not designated for publication).

Clayborn recognizes that *Garza* holds against his position but argues that *Garza* was poorly analyzed. We are not the court that Clayborn must persuade. As an intermediate appellate court, we are bound by the decisions of the court of criminal appeals. *See Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd). We overrule Clayborn's first point.

## B. The Parole Instruction

Turning to Clayborn's second point, he objected to the punishment charge because it contained a good-time-parole instruction. A person serving a sentence for engaging in organized criminal activity is not eligible to accumulate good-conduct time credits for parole release. *See* Tex. Gov't Code Ann. § 508.145(d)(1), (2). Clayborn concludes that the instruction was thus an incorrect statement of the law and erroneous.

This is another issue that the court of criminal appeals has already addressed and ruled against Clayborn's position. *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002). And we have followed the court of criminal appeals on this precise issue. *See Flores v. State*, No. 02-17-00114-CR, 2018 WL 1528262, at *2 (Tex. App.—Fort Worth Mar. 29, 2018, pet. ref'd) (mem. op., not designated for publication). Clayborn acknowledges that the court of criminal appeals has ruled against his position in

*Luquis* and asserts that he has raised this issue to preserve it for further review. We overrule Clayborn's second point.

## C. Clerical Errors

Finally, in point three, Clayborn contends that the judgments for Counts Fifteen and Seventeen incorrectly identify the offenses for which he was convicted. The judgments recite that he was convicted of "engaging in organized criminal activity, to wit: aggravated robbery," which is incorrect. The judgments should recite that he was convicted of engaging in organized criminal activity, to wit: robbery. Clayborn asks that we modify the judgments to accurately reflect the record. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

The State agrees with Clayborn. It too asks that we reform the judgments to reflect that Clayborn was convicted of engaging in organized criminal activity, to wit: robbery.

We agree that the judgments for Counts Fifteen and Seventeen incorrectly identify the offenses for which Clayborn was convicted and that they should be reformed to reflect the correct offenses. *See* Tex. R. App. P. 43.2(b); *Bigley*, 865 S.W.2d at 27; *Asberry*, 813 S.W.2d at 529. We sustain Clayborn's third point.

## IV. CONCLUSION

We overrule Clayborn's first two points. Having sustained Clayborn's third point, we reform the judgments for Counts Fifteen and Seventeen to reflect that he

was convicted of engaging in organized criminal activity, to wit: robbery.  As modified, we affirm the judgments.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 8, 2021