

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00049-CR
No. 02-23-00050-CR
No. 02-23-00051-CR

_____

BRONSON KIBLER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1660116D, 1684037D, 1684040D

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Bronson Kibler appeals his convictions and sentences for assault causing bodily injury against a person with whom he had a dating relationship by impeding the normal breathing or circulation of the blood (occlusion assault), intoxication manslaughter, manslaughter, two counts of aggravated assault with a deadly weapon, and two counts of intoxication assault. Kibler raises five points on appeal. We will affirm in part and vacate in part.

## I. BACKGROUND

Kibler pleaded guilty to all the aforementioned offenses. He does not challenge the sufficiency of the evidence supporting his convictions, nor does he raise any error requiring a harm analysis. Therefore, only a brief summary of the facts is necessary.

In March 2021, Kibler pleaded guilty to occlusion assault, and the trial court deferred finding him guilty of the offense and placed him on five years' deferred adjudication community supervision. Approximately two months later, Arlington Police were dispatched to a two-car accident. Kibler had been driving a silver Hyundai Elantra and had collided with a black BMW. His girlfriend, Jamayiah Sargent, who was a passenger in the Hyundai, was pronounced dead at the scene. Kibler and the couple's two-month-old daughter were injured in the collision and transported to a nearby hospital. The occupants of the BMW, driver Andrea Manns and passenger Benjamin Davenport, were also transported to the hospital.

Police interviewed Kibler and Manns at the emergency room. Immediately upon making contact with Kibler, police detected a strong odor of alcohol on his breath and noticed that his speech was slurred. After Kibler admitted he had been drinking alcohol prior to the accident, police subjected him to three field sobriety tests, all of which he failed. Thereafter, Kibler consented to giving a specimen of his blood for analysis.[1]

In her interview, Manns said she was driving on Matlock Road when she observed a vehicle driving toward Davenport and her that ultimately struck their vehicle. As a result, Manns had sustained several broken ribs and a broken jaw.[2]

The State filed a Petition to Proceed to Adjudication, alleging that Kibler had violated the terms of his deferred adjudication community supervision by committing the offenses of intoxication manslaughter and intoxication assault.[3] In July 2021, Kibler was charged by indictments with the intoxication manslaughter and manslaughter of Sargent and with two counts of aggravated assault with a deadly weapon and two counts of intoxication assault for injuring Manns and Davenport.

---

[1]After collecting and securing the specimen, an officer spoke with Sargent's sister, who told him that Kibler had consumed "a lot" of alcohol that night.

[2]Davenport was sedated and unable to speak, but medical personnel attending to him reported that he had sustained a broken right ankle and severe hemorrhaging.

[3]The State later amended its petition to add that Kibler had committed the offense of aggravated assault with a deadly weapon and had tampered with, bypassed, or allowed another person to activate his mobile alcohol monitoring device. Kibler pleaded true to all of the paragraphs contained in the State's First Amended Petition.

Kibler pleaded guilty to all counts in the indictments, and the trial court sentenced him to 10 years' imprisonment in the occlusion assault case and to 17 years' imprisonment on each count in the other two cases.[4] Kibler timely filed a notice of appeal in all three cases.

## II. ANALYSIS

Kibler does not allege any error in the occlusion assault case (Trial Court Cause No. 1660116D), and we therefore affirm the trial court's judgment in that case in all respects.

Kibler raises five points on appeal. The double jeopardy implications of his multiple convictions and sentences in the two remaining cases form the crux of his appeal. In his first three points, he complains that his protection against double jeopardy was infringed upon because he was convicted of and punished for (1) both the intoxication manslaughter and manslaughter of Sargent; (2) both the aggravated assault with a deadly weapon and intoxication assault of Manns; and (3) both the aggravated assault with a deadly weapon and intoxication assault of Davenport. In his two remaining points, Kibler claims (4) that his 17-year sentences for intoxication assault are illegal and (5) that he received ineffective assistance of counsel. The State

---

[4]The trial court pronounced sentence by stating, "On your plea of true in Cause No. 1660116 I will find you guilty and sentence you to the ten years in the penitentiary. In Cause Nos. 1684037 and 1684040 I find you guilty and sentence you to 17 years confinement in the Texas penitentiary." The judgments in Cause Nos. 1684037 and 1684040 reflect sentences of 17 years for each count. The trial court also ordered that Kibler's sentences would run concurrently.

concedes that Kibler is entitled to relief on the first three points, and we agree.[5] As discussed below, our resolution of these first three points will moot Kibler's remaining two points.

## A.  Double Jeopardy

### 1.  Preservation of Error

Although Kibler made no objection on double jeopardy grounds in the trial court, a defendant may raise this complaint for the first time on appeal if two conditions are met:  (1) the undisputed facts show that the double jeopardy violation is clearly apparent on the face of the record; and (2) enforcement of the usual rules of procedural default would serve no legitimate state interest.[6]  *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014); *Langs*, 183 S.W.3d at 687; *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000); *see, e.g.*, *Ex parte Knipp*, 236 S.W.3d 214, 217 (Tex. Crim. App. 2007) (granting habeas relief on a meritorious double jeopardy

---

[5]Because the State's confession of error is not dispositive, we still look at the merits.  *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).  Additionally, we note that a double jeopardy violation can occur even when sentences are concurrent and the impermissible conviction does not result in a greater sentence. *Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009) (citing *Ball v. United States*, 470 U.S. 856, 864–65, 105 S. Ct. 1668, 1673 (1985)).

[6]Because error preservation is a systemic requirement, we have an independent duty to ensure that Kibler's double jeopardy claim is properly preserved in the trial court before we address its merits.  *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).  A defendant may forfeit a potential double jeopardy violation by not asserting it in the trial court. *Langs v. State*, 183 S.W.3d 680, 687, 689 (Tex. Crim. App. 2006).

claim). Because both conditions are met here, we will address the merits of Kibler's double jeopardy points. *See Wolfe v. State*, No. 02-22-00132-CR, 2023 WL 4359788, at *11 (Tex. App.—Fort Worth July 6, 2023, no pet.) (mem. op., not designated for publication).

### 2. Double Jeopardy Implications of Kibler's Multiple Convictions[7]

### a. Manslaughter and Intoxication Manslaughter

Manslaughter and intoxication manslaughter are the same offense for double jeopardy purposes when they involve the same victim, and imposing convictions for both in this situation violates the Double Jeopardy Clause. *Ervin v. State*, 991 S.W.2d

---

[7]The Fifth Amendment of the United States Constitution provides that no person shall have life or limb twice put in jeopardy for the same offense. U.S. Const. amend. V. Generally, this provision—the Double Jeopardy Clause—protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ramos v. State*, 636 S.W.3d 646, 651 (Tex. Crim. App. 2021).

Impermissible multiple punishments occur when the same criminal act is punished twice under two distinct statutory provisions and the legislature intended that the conduct be punished only once. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). A multiple-punishments double jeopardy violation may arise in two situations: (1) the lesser-included-offense context, when the same conduct is punished twice (once for the basic conduct, and a second time for that same conduct plus more); and (2) when multiple punishments are imposed for the same criminal act under two distinct statutes but the legislature intended that the conduct be punished only once. *Langs*, 183 S.W.3d at 685. The ultimate question is whether the legislature intended to allow for multiple punishments. *Id.* at 688; *see Missouri v. Hunter*, 459 U.S. 359, 366, 103 S. Ct. 673, 678 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").

6

804, 814 (Tex. Crim. App. 1999). We therefore hold that Kibler's dual convictions and sentences for both manslaughter and intoxication manslaughter in Trial Court Cause No. 1684037D violate the Double Jeopardy Clause. We sustain Kibler's first point.

**b. Aggravated Assault with a Deadly Weapon and Intoxication Assault**

Both Kibler and the State cite *Shelby v. State*, 448 S.W.3d 431 (Tex. Crim. App. 2014), in support of their contention that Kibler's convictions for both aggravated assault and intoxication assault of Manns and Davenport violate double jeopardy because the bodily injuries they suffered resulted from only one instance of assaultive conduct. In *Shelby*, the court of criminal appeals concluded that the legislature did not intend to authorize separate punishments for the offenses of aggravated assault with a deadly weapon against a public servant and intoxication assault when the convictions for those offenses are based upon the same assaultive conduct against a single person. 448 S.W.3d at 434. In that case, the court of criminal appeals held that dual convictions for both offenses based upon the same assaultive conduct against a single person violated double jeopardy. *Id.*

Although Manns and Davenport were not public servants at the time of the offenses, that is immaterial to the analysis. Therefore, we see no reason to distinguish *Shelby* from Kibler's case. We hold that Kibler's dual convictions and sentences for both aggravated assault with a deadly weapon and intoxication assault based upon the same assaultive conduct against Manns violate the Double Jeopardy Clause, *see id.* at

440, and we sustain Kibler's second point.

Likewise, we hold that Kibler's dual convictions and sentences for both aggravated assault with a deadly weapon and intoxication assault based upon the same assaultive conduct against Davenport violate the Double Jeopardy Clause. *See id.* We sustain Kibler's third point.

### 3. Remedies for Violations

When, in violation of double jeopardy protections, a defendant has been prosecuted and convicted in a single criminal action of two or more offenses that constitute the same offense, the remedy is to apply the "most serious offense test"; generally, the "most serious" offense is the one for which the greatest sentence was assessed. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (overruling *Landers v. State*, 957 S.W.2d 558, 559–60 (Tex. Crim. App. 1997), which held that other factors—such as the degree of the felony, range of punishment, and rules governing parole eligibility and awarding of good-conduct time—should be used in that determination); *see also Evans*, 299 S.W.3d at 141; *Bigon*, 252 S.W.3d at 373.

But when, as here, the punishment for each conviction is identical,[8] we cannot

---

[8]The State counters that, as between manslaughter and intoxication manslaughter, the "most serious" offense would be the intoxication manslaughter conviction because, even though both offenses are second-degree felonies and the trial court assessed identical 17-year sentences, "the intoxication manslaughter conviction includes a $100 fine, $290 in court costs, and a $65 reimbursement fee." Court costs and fees "are compensatory and non-punitive," *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011), and therefore they are not a part of Kibler's punishment. On the other hand, a fine "is part of the punishment." *Anastassov v.*

8

look to only the sentences imposed to determine the most serious offense. *See Bigon*, 252 S.W.3d at 373. Instead, we have to look to other criteria, including the degree of felony for each offense, to determine which offense is the most serious. *Id.*; *White v. State*, 395 S.W.3d 828, 832 (Tex. App.—Fort Worth 2013, no pet.).

In Trial Court Cause No. 1684037D, Kibler was convicted of both manslaughter and intoxication manslaughter. Both offenses are second-degree felonies, *see* Tex. Penal Code Ann. §§ 19.04(b), 49.08(b), and the trial court made an affirmative deadly weapon finding on both counts. Kibler and the State both cite *Cavazos* to suggest that, because intoxication manslaughter is "the offense described in Count I of the indictment," it is the most serious offense of the two. 203 S.W.3d at 339 n.8. Although that language from *Cavazos* is dicta, because (1) Kibler has been prosecuted and convicted in a single criminal action of two or more offenses that constitute the same offense in violation of double jeopardy protections and (2) both offenses carry the same punishment, we may strike either conviction. *See Martinez v. State*, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007). We therefore accept the parties' invitation to treat Kibler's intoxication manslaughter conviction as the "most serious"

---

*State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022). Here, however, the judge did not orally pronounce a fine when he sentenced Kibler, so the $100 fine reflected in the trial court's judgment of the intoxication manslaughter conviction is not a part of Kibler's punishment either. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (holding that when a variation exists between the oral pronouncement of sentence and the written memorialization of the sentence, "the oral pronouncement controls").

9

offense for double jeopardy purposes, and we vacate his manslaughter conviction.

In Trial Court Cause No. 1684040D, Kibler received identical 17-year sentences for his aggravated assault with a deadly weapon of Manns (Count I); the aggravated assault with a deadly weapon of Davenport (Count II); the intoxication assault of Manns (Count III); and the intoxication assault of Davenport (Count IV). Aggravated assault with a deadly weapon is a second-degree felony, *see* Tex. Penal Code Ann. § 22.02(b), while intoxication assault is a third-degree felony, *see id.* § 49.07(c). Accordingly, we vacate Kibler's convictions and sentences for intoxication assault, the less serious offense.

## B. Illegal Sentences

In his fourth point, Kibler argues that the trial court erred by sentencing him to greater than the maximum punishment on two separate counts of intoxication assault. Although Kibler is correct on this point, our vacatur of his convictions and sentences for intoxication assault render this point moot. *See* Tex. R. App. P. 47.1; *Martinez v. State,* No. 02–08–112–CR, 2008 WL 5194307, at *1 (Tex. App.—Fort Worth Dec. 11, 2008, no pet.) (mem. op., not designated for publication). We dismiss Kibler's fourth point.

## C. Ineffective Assistance of Counsel

In his fifth point, Kibler argues that he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to object to two sentence terms that were greater than the maximum allowed by law and failed to

object to Kibler's being subjected to multiple punishments for the same misconduct in violation of double jeopardy. The State counters that we need not address this claim's merits because we can remedy any deficient conduct on his trial counsel's part by setting aside Kibler's manslaughter conviction and his two intoxication assault convictions for the violation of his double jeopardy protections. We agree. Because Kibler's fifth point is not "necessary to final disposition" of his appeal, we dismiss it as moot. *See* Tex. R. App P. 47.1.

## III. CONCLUSION

Having sustained Kibler's first, second, and third points and having dismissed his fourth and fifth points, we affirm the trial court's judgment in Cause No. 1660116D in all respects. We vacate the trial court's judgment of conviction for manslaughter in Cause No. 1684037D and, consistent with our authority to modify a judgment "to make the record speak the truth when the matter has been called to [our] attention by any source," *see French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992), we modify the judgment of conviction for intoxication manslaughter to delete the $100 fine[9] and affirm the trial court's judgment as modified, *see* Tex. R.

---

[9]Kibler's failure to complain on appeal about the fine does not vitiate our authority to modify the judgment. *See Portis v. State*, No. 02-19-00228-CR, 2019 WL 6905026, at *3 n.1 (Tex. App.—Fort Worth Dec. 19, 2019, no pet.) (mem. op., not designated for publication); *Cummings v. State*, No. 02-18-00042-CR, 2018 WL 4020013, at *2 & n.4 (Tex. App.—Fort Worth Aug. 23, 2018, no pet.) (mem. op., not designated for publication); *Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *2 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication).

App. P. 43.2(b). We vacate the trial court's two judgments of conviction for intoxication assault in Cause No. 1684040D and affirm the two judgments of conviction for aggravated assault with a deadly weapon.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 14, 2024