

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-1372-13 & PD-1373-13

### JOHN RICHARD SHELBY, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### HAYS COUNTY

**ALCALA, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Does the Double Jeopardy Clause of the United States Constitution disallow dual convictions for aggravated assault with a deadly weapon against a public servant and intoxication assault stemming from the same criminal act?  Suggesting that this question should be answered in the affirmative, John Richard Shelby, appellant, argues that the court of appeals erred by permitting both convictions under these circumstances. We agree.  We conclude that the Legislature did not intend to authorize separate punishments for the

offenses of aggravated assault with a deadly weapon against a public servant and intoxication assault when the convictions for those offenses are based upon the same assaultive conduct against a single person, and, therefore, we hold that appellant's dual convictions for both offenses violate double jeopardy. We reverse the judgment of the court of appeals and vacate Shelby's conviction for the less serious offense, intoxication assault.

## I. Background

Appellant was driving his truck while carrying two passengers, his then boyfriend Frank Lopez, and another passenger, Raymundo Hernandez. According to Hernandez, a fight began inside the vehicle, during which appellant was repeatedly hitting Lopez. Appellant then caused his truck to collide with a marked police car that was pulled over onto the side of the road during a routine traffic stop. The collision resulted in serious bodily injury to two people: Trooper Hoppas, who was seated in the passenger seat of his police car, and the man he had stopped, who was standing by the side of the road. Trooper Hoppas suffered several broken bones in his foot and leg, which later required him to undergo knee-reconstruction surgery. The man Trooper Hoppas had stopped suffered several fractured vertebrae in his back.

After causing the collision, appellant fled on foot to a nearby parking lot, where he was later apprehended by police. A subsequent investigation revealed that appellant had a blood-alcohol concentration of 0.13. The State charged appellant with having committed five offenses stemming from this incident, and he was convicted of all five offenses in a

single trial. Only two of those five convictions are pertinent here: (1) his conviction for aggravated assault with a deadly weapon against Trooper Hoppas, a public servant, a first-degree felony, for which appellant was sentenced to fourteen years' imprisonment, and (2) intoxication assault against Trooper Hoppas, a second-degree felony when committed against a peace officer, for which appellant was sentenced to five years' imprisonment. TEX. PENAL CODE §§ 22.02(a), (b)(2)(B), 49.07(a)(1), 49.09(b-1). The trial court ordered the sentences to run concurrently.

On appeal, the court of appeals affirmed both convictions after rejecting appellant's complaint that his double jeopardy rights were violated. The court of appeals held that, "[b]ecause the two offenses are not the same for the purposes of double jeopardy under either the *Blockburger* 'sameness' test or an *Ervin* legislative-intent analysis, we conclude that [appellant] did not suffer multiple punishments in violation of double jeopardy protections." *Shelby v. State,* No. 03-10-00283-CR, 2013 WL 4822872, at *9 (Tex. App.—Austin Aug. 28, 2013) (mem. op., not designated for publication) (referring to *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Ex parte Ervin*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999)). The court of appeals observed that in *Ervin,* this Court created a non-exclusive list of factors to determine whether, in the absence of express legislative intent, the Legislature intended the same conduct to be punished twice under two different statutes. *Id.* at *5. After conducting an analysis of those factors, the court of appeals concluded that the two offenses have different gravamen, and it further observed that the offenses have different punishment

ranges and are found in separate sections of the Penal Code. *Id.* at *6-9. Relying on those factors, it concluded that the Legislature intended to treat aggravated assault with a deadly weapon against a public servant and intoxication assault as separate offenses for double jeopardy purposes, and it overruled appellant's double jeopardy complaint. *Id.* at *9.

## II. Double Jeopardy Violated by Dual Convictions for Aggravated Assault Against a Public Servant and Intoxication Assault

In his sole ground in his petition for discretionary review, appellant asks, "Did the Court of Appeals misapply the holding in *Ex parte Ervin* in determining the question of double jeopardy?" Although we largely agree with the court of appeals's analysis with respect to (A) the applicable law for examining whether there has been a multiple-punishments double jeopardy violation, and (B) its application of the *Blockburger* test, we agree with appellant that (C) it misapplied the *Ervin* factors.

### A. Applicable Law for Determining Double Jeopardy Violations

The Fifth Amendment to the United States Constitution's Double Jeopardy Clause offers protection against multiple punishments for the same offense. U.S. CONST. amend. V; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). A double jeopardy claim based on multiple punishments arises when the State seeks to punish the same criminal act twice under two distinct statutes under circumstances in which the Legislature intended the conduct to be punished only once. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).

"The legislature has the power to establish and define crimes and few, if any, limitations are imposed upon this power by the Double Jeopardy Clause." *Garfias*, 424

S.W.3d at 58. "Thus the true inquiry in a multiple-punishments case is whether the Legislature intended to authorize the separate punishments." *Id*. (citing *Ervin*, 991 S.W.2d at 814). We take two different approaches when ascertaining legislative intent: We use an "elements" analysis that addresses the elements of the offenses in question, or we use an analysis that identifies the appropriate "unit of prosecution" for the offenses. *Id.* An "elements" analysis is appropriate when the offenses in question come from different statutory sections, whereas a "units" analysis is employed when the offenses are alternative means of committing the same statutory offense. *Id.* In this case, appellant complains of convictions stemming from different statutory sections, so we must use an "elements" analysis to determine whether a multiple-punishments double jeopardy violation has occurred. *See id*.

In an "elements" analysis, when multiple punishments arise out of one trial, the *Blockburger* test is the starting point. *Id.* Under the *Blockburger* elements test, two offenses are not the same if each requires proof of a fact that the other does not. *Id.* In Texas, we follow the cognate-pleadings approach to employing the *Blockburger* test. We not only examine the statutory elements in the abstract but we also compare the offenses as pleaded, to determine whether the pleadings have alleged the same "facts required." *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008) (citing *Hall v. State*, 225 S.W.3d 524, 534 (Tex. Crim. App. 2007)). But the *Blockburger* test is a rule of statutory construction, and not the exclusive test for determining if two offenses are the same. *Bigon*, 252 S.W.3d at 370.

The ultimate question is whether the Legislature intended to allow the same conduct to be punished under both of the statutes in question. *Id.* at 371.

To facilitate an analysis of whether the Legislature intended to allow the same conduct to be punished twice under different statutes, we set forth a list of non-exclusive factors in *Ervin* designed to assist courts in the absence of clear guidance from the Legislature. *Garfias*, 424 S.W.3d at 59 (citing *Ervin*, 991 S.W.2d at 814). Those factors are:

> [1] whether offenses are in the same statutory section; [2] whether the offenses are phrased in the alternative; [3] whether the offenses are named similarly; [4] whether the offenses have common punishment ranges; [5] whether the offenses have a common focus; [6] whether the common focus tends to indicate a single instance of conduct; [7] whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger*; and [8] whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes.

*Id.* The fifth factor described above, which requires a court to examine the "focus" or "gravamen" of a penal provision, should be regarded as the best indicator of legislative intent when determining whether a multiple-punishments violation has occurred. *Id.* And the sixth factor described above particularly requires a court to consider the allowable unit of prosecution for the offenses when conducting an "elements" analysis. *Id.* Though this is a necessary step in analyzing a multiple-punishments claim dealing with two statutes from the same statutory section, such a determination can be indicative of legislative intent even in an "elements" analysis. *Id.*

## B. The Starting Point: The *Blockburger* Test

We agree with the court of appeals's determination that a strict application of the *Blockburger* test reveals that each of the two offenses at issue in this appeal, aggravated assault with a deadly weapon against a public servant and intoxication assault, contains a distinct element that the other does not. *Shelby*, 2013 WL 4822872, at \*3. As the court of appeals correctly observed, the offense of aggravated assault with a deadly weapon against a public servant requires proof that the actor assaulted a person the actor knows is a public servant while the public servant was lawfully discharging an official duty and that appellant used a deadly weapon during the commission of the assault.[1] *Id.* (citing TEX. PENAL CODE § 22.02(a), (b)(2)(B)). In contrast, the offense of intoxication assault requires proof of intoxication and the operation of a motor vehicle in a public place, but does not require proof of either knowledge of the officer's status as a public servant or appellant's use of a deadly weapon.[2] *Id*. (citing TEX. PENAL CODE § 49.07). We, therefore, agree with the court of

---

[1]Count I of the relevant indictment alleged:

[Appellant] did then and there intentionally, knowingly and recklessly cause bodily injury to [Trooper] Hoppas by striking a motor vehicle occupied by [Trooper] Hoppas with a motor vehicle driven by [appellant], and [appellant] did then and there use a deadly weapon, to-wit: a motor vehicle,
And [appellant] then and there knew that the said [Trooper] Hoppas was a public servant, to-wit: a peace officer and the said offense was committed while [Trooper] Hoppas was lawfully discharging an official duty[.]

[2]Count II of the same indictment alleged:

[Appellant] did then and there, by accident and mistake, while operating a motor vehicle in a public place while intoxicated, in that [appellant] did not have the

appeals that under the *Blockburger* elements analysis, the two offenses are not the same and that it is necessary to next examine relevant considerations as set forth in *Ervin* to determine whether the Legislature intended to permit multiple punishments under these circumstances.

## C.  The *Ervin* Factors

In *Ervin*, this Court described at least eight relevant factors that are useful for determining whether the Legislature intended to permit multiple convictions for the same conduct. *Ervin*, 991 S.W.2d at 814.  We review each factor in turn and we conclude that, on balance, those factors indicate that the Legislature did not intend to permit multiple punishments for aggravated assault and intoxication assault when both convictions arise from the same assault against the same individual.

### 1. Offenses Are Not in the Same Penal Code Chapter

The offenses of aggravated assault with a deadly weapon against a public servant and intoxication assault appear in separate sections of the penal code, but this does not necessarily mean that the Legislature intended the same conduct against the same victim to be punished under both statutes.  *See* TEX. PENAL CODE §§ 22.02(a)(2), (b)(2)(B), 49.07(a)(1). The court of appeals observed that the fact that the Legislature placed aggravated assault in Chapter 22 and intoxication assault in Chapter 49 suggests that it did

normal use of his mental and physical faculties by reason of the introduction of alcohol, a controlled substance, a dangerous drug, and a combination of those substances into his body and by having an alcohol concentration of 0.08 or more, and by reason of such intoxication, cause serious bodily injury to an individual, namely [Trooper] Hoppas, by causing the motor vehicle driven by [appellant] to collide with the motor vehicle occupied by the said [Trooper] Hoppas.

not intend for these offenses to be treated the same for double jeopardy purposes or to disallow multiple punishments under these circumstances. *Shelby*, 2013 WL 4822872, at *5. The court of appeals, however, failed to consider that Chapter 49 was created to consolidate all intoxication-related offenses into a single chapter. *See Ervin,* 991 S.W.2d at 816. As this Court explained in *Ervin*, one plausible explanation for the Legislature's decision to create Chapter 49 of the Penal Code, which includes the statutes defining the offenses of intoxication manslaughter and other intoxication offenses, was as a housekeeping measure designed to consolidate offenses requiring specific definitions related to intoxication. *See id.* Because the Legislature could have placed all intoxication-related offenses into a separate chapter as a mere matter of housekeeping, the fact that intoxication assault and aggravated assault appear in different chapters provides minimal guidance as to whether the Legislature intended to permit convictions for both offenses for a single assault against a single individual, as in the present case.

### 2. Offenses Not Phrased in the Alternative

The two statutes cannot be phrased in the alternative because they appear in separate sections of the penal code. *See Bigon*, 252 S.W.3d at 371. The second *Ervin* factor, therefore, is not applicable. *Id.* (dismissing the second *Ervin* factor as inapplicable when the two statutes in question are in separate statutory sections).

### 3. Offenses Share Similar Names

Aggravated assault with a deadly weapon against a public servant and intoxication

assault share the word assault in their names. We have held that even in cases where the names of two statutes share no words, but still denote similar offenses that differ only in degree, that this is evidence that the Legislature intended the two offenses to be considered the "same." *See id.* (noting that felony murder and intoxication manslaughter are both homicide offenses differing only in degree). Because both offenses here have the word assault in their names, this *Ervin* factor weighs in favor of treating the offenses as being the same for double jeopardy purposes.

### 4. Offenses Do Not Share Similar Punishment Ranges

As the court of appeals observed, the two offenses at issue in this case have different ranges of punishment. *Shelby*, 2013 WL 4822872, at *5. Aggravated assault with a deadly weapon against a public servant is a first-degree felony, and intoxication assault is a second-degree felony when committed against a peace officer. This factor, therefore, weighs against treating the two offenses as the same for double jeopardy purposes. But, as noted above, in *Bigon*, the fact that two of the offenses in question had different punishment ranges was not considered dispositive of the issue of double jeopardy. *See Bigon*, 252 S.W.3d at 371.

### 5. Both Offenses Share a Similar Focus or Gravamen

Although it properly observed that the primary consideration is the intent of the Legislature, the court of appeals erred by mistakenly identifying the focus or gravamen of the two offenses as being distinct and in relying upon that erroneous conclusion as the basis for its ruling. *See Shelby,* 2013 WL 4822872, at *6. Of all the factors listed in *Ervin*, this

Court has found that the focus, or "gravamen," of the two offenses is the best indicator of the Legislature's intent to treat the offenses as the same or different for double jeopardy purposes. *Garfias*, 424 S.W.3d at 59. The gravamen of the offense of aggravated assault is the specific type of assault defined in Section 22.01 of the Texas Penal Code. *Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008); TEX. PENAL CODE § 22.01 (defining assault as either intentionally, knowingly or recklessly causing bodily injury, or intentionally or knowingly threatening another with imminent bodily injury). The gravamen of aggravated assault, therefore, is either causing bodily injury or threatening imminent bodily injury, depending on which theory has been pleaded in the charging instrument. The indictment that charged appellant with aggravated assault with a deadly weapon against a public servant alleged that appellant caused bodily injury to Trooper Hoppas under Section 22.01(a)(1) of the Penal Code. *See* TEX. PENAL CODE §§ 22.01(a)(1) (making it an offense to intentionally, knowingly, or recklessly cause bodily injury to another). Therefore, the gravamen of aggravated assault with a deadly weapon against a public servant, as charged in the indictment, was causing bodily injury. *See Landrian*, 268 S.W.3d at 537.

The court of appeals's opinion suggests that causing bodily injury, using a deadly weapon, and injuring a public servant are all gravamen of the offense of aggravated assault with a deadly weapon against a public servant. *Shelby*, 2013 WL 4822872, at *6. This is so, it suggests, because appellant could not have completed the offense as charged without all three elements being present. *Id.* In determining the gravamen of this result-oriented offense,

however, the question is not based on a consideration of most or all of the particular elements, but instead on the result of appellant's action, bodily injury. *See Landrian*, 268 S.W.3d at 537 ("'The precise act or nature of conduct in this result-oriented offense [aggravated assault] is inconsequential. What matters is that the conduct (whatever it may be) is done with the required culpability to effect the *result* the Legislature has specified.'") (quoting *Alvarado v. State*, 704 S.W.2d 36, 39 (Tex. Crim. App. 1985)).

Like aggravated assault with a deadly weapon against a public servant, intoxication assault is a result-oriented offense with the gravamen of causing bodily injury. *See* TEX. PENAL CODE 49.07(a)(1) ("a person commits an offense if the person . . . causes serious bodily injury to another"). Because the focus is on carrying out the conduct required to effect the result that the Legislature has specified, the gravamen of intoxication assault is causing bodily injury. *See Landrian*, 268 S.W.3d at 537. The court of appeals's opinion suggests that intoxication is part of the gravamen of the offense because intoxication is required to complete the offense of intoxication assault. *Shelby*, 2013 WL 4822872, at *7. But we have held that a defendant's intoxication is not the gravamen of intoxication manslaughter, which is a similar offense contained in Section 49 of the Penal Code. *See, e.g., Bigon*, 252 S.W.3d at 371. ("The focus of [intoxication manslaughter] is . . . the death of an individual."). We, therefore, cannot agree that the gravamen of intoxication assault includes the actor's intoxication in light of our previous determination that intoxication is not part of the gravamen of intoxication manslaughter. We conclude that the gravamen of the offenses of

aggravated assault on a public servant and intoxication assault, both of which are result-oriented offenses, is causing bodily injury, and that this factor, therefore, weighs heavily in favor of treating the offenses the same for double jeopardy purposes.

### 6. Both Offenses Have the Same Allowable Unit of Prosecution

The allowable unit of prosecution for an assaultive offense in Texas is each victim. *Garfias*, 424 S.W.3d at 60 (holding the unit of prosecution for aggravated assault to be one unit per victim). In light of the fact that the offenses of aggravated assault with a deadly weapon against a public servant and intoxication assault are assaultive offenses, each victim is the allowable unit of prosecution. This indicates that the Legislature did not intend for one instance of assaultive conduct against a single person to yield convictions for both aggravated assault with a deadly weapon against a public official and intoxication assault for injuring one person.

### 7. Some of the Elements that Differ Between the Offenses Can Be Considered the Same Under an Imputed Theory of Liability

Under a strict elements-analysis of the two offenses, aggravated assault with a deadly weapon against a public servant requires proof of, at a minimum, recklessness as a culpable mental state, as compared to intoxication assault, which does not require proof of any culpable mental state. *See* TEX. PENAL CODE §§ 22.01(a)(1) (requiring proof of intentionally, knowingly or recklessly causing bodily injury), 49.07(a)(1) (requiring only proof of intoxication). Although intoxication assault does not require proof of a culpable mental state, this Court has previously indicated that intoxication can be viewed as an imputed form of

recklessness, making the two offenses here more similar under the liberalized "imputation" version of the *Blockburger* test. *See Ervin*, 991 S.W.2d at 816.

### 8. Legislative History is Silent Regarding Intent to Treat Offenses Same or Differently

Here, as the court of appeals's opinion notes, there is no legislative history with respect to the Legislature's intent to treat these offenses the same or differently. This factor, therefore, is inconsequential in this case.

In weighing the eight *Ervin* factors to determine legislative intent, we conclude that the Legislature did not intend to permit dual convictions for aggravated assault against a public servant and intoxication assault under the circumstances in this case because these offenses share the same gravamen, share similar names, and have some elements that are the same under an imputed theory of liability.[3] Because the best indication of the Legislature's intent in the absence of specific legislative history is the fact that the offenses share the same gravamen, we are persuaded that a double-jeopardy violation has occurred even though the offenses do not have the same punishment ranges and are contained in separate sections of the penal code. We hold that under the facts of this case, the trial court violated appellant's rights against double jeopardy by convicting him of both aggravated assault with a deadly

---

[3]We observe that at least one court of appeals has reached the same conclusion with respect to reckless aggravated assault and intoxication assault. *See Burke v. State*, 6 S.W.3d 312, 316 (Tex. App.—Fort Worth 1999), *vacated on other grounds*, 28 S.W.3d 545 (Tex. Crim. App. 2000) ("[T]he gravamen of reckless aggravated assault and intoxication assault is serious bodily injury to an individual. We therefore conclude that reckless aggravated assault causing serious bodily injury and intoxication assault causing serious bodily injury are the same offense for due process and due course of law purposes when they involve the same victim.").

weapon against a peace officer and intoxication assault.

### III. The Appropriate Remedy is to Vacate the Lesser Sentence

When an individual is convicted of two offenses that are the "same" for double jeopardy purposes, the appropriate remedy is to affirm the conviction for the "most serious" offense and to vacate the other conviction. *Bigon*, 252 S.W.3d at 372-73 (citing *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *Landers v. State,* 957 S.W.2d 558, 559-60 (Tex. Crim. App. 1997)). The "most serious" offense is the offense of conviction for which the greatest sentence was assessed. *Cavazos*, 203 S.W.3d at 338 (overruling *Landers* to the extent that it held that other factors should be considered when determining the most serious offense). Though he has advocated that we depart from this approach and vacate the more serious of the two violative convictions, appellant has failed to provide a rational argument as to why this Court's holdings in *Landers* and *Cavazos* should be abandoned.

In *Landers*, this Court highlighted four policy reasons for our judicially made rule to retain the conviction for the more serious offense. *Landers*, 957 S.W.2d at 560-61. First, retaining the more serious offense provides consistency by applying to all cases in which a double jeopardy violation arises from the prosecution and conviction, in a single criminal action, of two or more offenses that constitute the same offense. *Id.* at 560. Second, the rule eliminates the arbitrariness of relying upon how a statute is structured to determine "greater" and "lesser" offenses when that structure has no necessary relationship to the seriousness of the offense. *Id.* Third, retention of the more serious penalty imposed against a defendant is

consistent with the assumption that, if the State had been made to pursue only one of the two offending convictions, it would have chosen the more serious one. *Id.* Finally, the rule is most consistent with the objective of the penal code "to insure the public safety through . . . the deterrent influence of the penalties hereinafter provided." *Id.* at 561 (citing TEX. PENAL CODE § 1.02).

Appellant's conviction for aggravated assault with a deadly weapon against a peace officer, for which he received a sentence of fourteen years' imprisonment, is more serious than his conviction for intoxication assault of Trooper Hoppas, for which he received a sentence of five years' imprisonment. We, therefore, retain the aggravated assault conviction and set aside appellant's conviction for intoxication assault.

## IV. Conclusion

We conclude that aggravated assault with a deadly weapon against a public servant and intoxication assault are the same offenses for double jeopardy purposes when they involve the same assault upon a single victim, and that imposing convictions for both offenses in this situation violates the Double Jeopardy Clause. We reverse the judgment of the court of appeals and vacate Shelby's conviction for intoxication assault on Trooper Hoppas.

Delivered: November 26, 2014

Publish