

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00144-CR
No. 07-15-00145-CR

CECIL HOWELL, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 264th District Court
Bell County, Texas
Trial Court Nos. 72374, 72375; Honorable Martha J. Trudo, Presiding

May 29, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Cecil Howell, Jr. was convicted of two separate offenses of aggravated assault with a deadly weapon. The victims were his girlfriend Ladonya and her ten-year-old son. According to the record, appellant hit each with a hammer during an argument. Appellant was sentenced to thirty years in prison on each offense. In challenging those convictions, he contends 1) the jury charges contained an erroneous instruction on the culpable mental state, and 2) no meaningful limiting instruction was given to the jury with respect to a prior conviction. We affirm the judgments.

*Issue 1 – Jury Instruction on Culpable Mental State*

In his first issue, appellant claims that aggravated assault with a deadly weapon is both a result of conduct and nature of conduct offense and that the jury charge should have included an instruction to that effect. That is, while assault causing bodily injury is a result of conduct offense, the aggravating factor (*i.e.,* the use or exhibition of a deadly weapon) implicates the nature of the accused's conduct. Thus, the charge allegedly should have somehow referred to both when defining the requisite mental state. We overrule the issue.

As stated in *Price v. State*, No. PD-0383-14, 2015 Tex. Crim. App. LEXIS 389 (Tex. Crim. App. April 15, 2015), ". . . the gravamen of the offense [is used] to decide which conduct elements should be included in the mental-state language." *Id.* at *7. "If the gravamen of an offense is the result of conduct, the jury charge on culpable mental state should be tailored to the result of conduct and likewise for nature-of-conduct offenses." *Id.* at *7-8. The gravamen of an assault by causing bodily injury is the result of causing bodily injury. *Landrian v. State*, 268 S.W.3d 532, 533 (Tex. Crim. App. 2008). That is, ". . . the *actus reus* for 'bodily injury' aggravated assault is 'causing bodily injury.'" *Id.* at 537. And, "[t]his *actus reus* must be accompanied by a culpable mental state." *Id.*; *see also Shelby v. State*, 448 S.W.3d 431, 439 (Tex. Crim. App. 2014) (stating that the offense of aggravated assault on a public servant is a result oriented offense with the gravamen of causing bodily injury); *Sixtos v. State*, No. 05-13-00502-CR, 2014 Tex. App. LEXIS 9518, at *19 (Tex. App.—Dallas December 17, 2014, pet. ref'd) (not designated for publication) (stating that aggravated assault by causing bodily injury by use of a deadly weapon is a result-oriented offense and the culpable

mental state definition in the jury charge should have solely referenced the result of appellant's conduct); *accord Johnson v. State*, 271 S.W.3d 756, 761 (Tex. App.—Waco 2008, pet. ref'd) (stating that when the assault involves causing bodily injury, the primary focus remains on the result of the defendant's conduct, even if he uses or exhibits a deadly weapon). Here, the assault involved the infliction of bodily injury; so, its gravamen involved the causing of bodily injury. Thus, the instruction pertinent to the mental state only need have focused on "causing bodily injury," as it did here. Thus, it was not erroneous. *Sixtos v. State*, *supra.*[1]

> *Issue 2 – Jury Instruction on Extraneous Offenses*

Next, appellant testified at trial and was cross-examined as to a prior offense of possession of a controlled substance. The testimony was admitted without a request for a limiting instruction. Appellant now argues that the trial court should have included, *sua sponte,* an instruction in the jury charge directing the jury that the aforementioned prior offense could only be considered for purposes of attacking his credibility. We overrule the issue.

No request for a limiting instruction was made at the time that the evidence of the prior conviction was offered. Therefore, the jury was entitled to consider it for all purposes. *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001); *Brewer v. State*, No. 03-10-0075-CR, 2014 Tex. App. LEXIS 1992, at *48-49 (Tex. App.—Austin February 21, 2014, no pet.) (not designated for publication). If the limiting

---

[1] Though appellant cites *Johnson v. State*, 271 S.W.3d 756 (Tex. App.—Waco 2008, pet. ref'd) as support for his position, the issue before us was not the issue before the *Johnson* panel. Instead, it was asked to determine whether the crime of assault (causing bodily injury) had been completed before the deadly weapon had been used or exhibited. More importantly, it recognized that the gravamen of the crime remained bodily injury, even though the charge included reference to the use of a deadly weapon. *Id.* at 761. Nowhere did that court suggest that the charge must include a mental state applicable to both the gravamen of the offense and the aggravating factor, *i.e.* use or exhibition of a deadly weapon.

instruction is not requested at the time the evidence is admitted, the trial court has no obligation to limit its use in the jury charge. *Delgado v. State*, 235 S.W.3d 244, 251 (Tex. Crim. App. 2007). Thus, the trial court did not err in omitting an instruction of the ilk appellant now seeks. The issue is overruled

Having overruled each issue, we affirm the judgments.


Brian Quinn
Chief Justice

Do not publish.