ACCEPTED
03-14-00617-CR
8042921
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/1/2015 7:13:13 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00617-CR

| | | |
|---|---|---|
| **NATHANIEL PAUL FOX** | § | **IN THE THIRD** |
| | § | |
| **V.** | § | **DISTRICT COURT OF** |
| | § | |
| **THE STATE OF TEXAS** | § | **APPEALS OF TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/1/2015 7:13:13 PM
JEFFREY D. KYLE
Clerk

### STATE'S SECOND LETTER OF ADDITIONAL AUTHORITIES

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes the State of Texas, Appellee in the above-styled and -numbered cause, and files this its Second Letter of an Additional Authority. After further review of the opinions issued after the State submitted its original brief, an additional case cited in *Ex parte Castillo* may be relevant to the Court's decision in that it may be contrary to part of the State's argument regarding an *Ervin* factor:

**Double Jeopardy**:

> Although it properly observed that the primary consideration is the intent of the Legislature, the court of appeals erred by mistakenly identifying the focus or gravamen of the two offenses as being distinct and in relying upon that erroneous conclusion as the basis for its ruling. Of all the factors listed in *Ervin,* this Court has found that the focus, or "gravamen," of the two offenses is the best indicator of the Legislature's intent to treat the offenses as the same or different for double jeopardy purposes.
> ….
>
> The indictment that charged appellant with aggravated assault with a deadly weapon against a public servant alleged that appellant caused bodily injury to Trooper Hoppas under Section 22.01(a)(1) of the Penal Code. Therefore, the gravamen of aggravated assault with a

1

deadly weapon against a public servant, as charged in the indictment, was causing bodily injury.

*The court of appeals's opinion suggests that causing bodily injury, using a deadly weapon, and injuring a public servant are all gravamen of the offense of aggravated assault with a deadly weapon against a public servant*. This is so, it suggests, because appellant could not have completed the offense as charged without all three elements being present. In determining the gravamen of this result-oriented offense, *however, the question is not based on a consideration of most or all of the particular elements, but instead on the result of appellant's action, bodily injury. See Landrian,* 268 S.W.3d at 537 (" 'The precise act or nature of conduct in this result-oriented offense [aggravated assault] is inconsequential. What matters is that the conduct (whatever it may be) is done with the required culpability to effect the *result* the Legislature has specified.' ")).

Like aggravated assault with a deadly weapon against a public servant, intoxication assault is a result-oriented offense with the gravamen of *causing bodily injury*.

*Shelby v. State*, 448 S.W.3d 431, 438-39 (Tex. Crim. App. 2014) (some internal citations omitted) (emphasis added); *see also Ex Parte Castillo*, 469 S.W.3d 165, 171 (Tex. Crim. App. 2015), *reh'g denied* (Oct. 7, 2015) ("death is a type of bodily injury").

Respectfully submitted,

/s/ Joshua D. Presley
**Joshua D. Presley** SBN: 24088254
preslj@co.comal.tx.us
Comal Criminal District Attorney's Office
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Ph: (830) 221-1300 / Fax: (830) 608-2008

## CERTIFICATE OF SERVICE

I, Joshua D. Presley, Assistant District Attorney for the State of Texas, Appellee, hereby certify that a true and correct copy of this *State's Second Letter of Additional Authorities* has been delivered to Appellant NATHANIEL PAUL FOX's attorney in this matter:

Paul A. Finley
pfinley@reaganburrus.com
Reagan Burrus PLLC
401 Main Plaza, Suite 200
New Braunfels, TX 78130
*Counsel for Appellant on Appeal*

By electronically sending it to his above-listed email address through efile.txcourts.gov, this 1st day of December, 2015.

/s/ Joshua D. Presley
**Joshua D. Presley**