**Opinion issued June 18, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00279-CR

———————————

**MANYIEL PHILMON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 213th District Court**
**Tarrant County, Texas**
**Trial Court Case No. 1477929D**

---

## CONCURRING OPINION

The majority holds that the trial court's imposition of multiple punishments on Manyiel Philmon based on his separate convictions for aggravated assault with a deadly weapon and assault of a person with whom he had a dating relationship does not violate his constitutional guarantee against double jeopardy. While I agree that

there is no double-jeopardy violation in this case, I do not think that what is true on this record will necessarily be true of all prosecutions for these two offenses. To the extent that the majority suggests that multiple punishments for both aggravated assault with a deadly weapon and assault of a person with whom the defendant had a dating relationship may never result in a double-jeopardy violation, I disagree.

I part company with the majority in its analysis of whether the legislature intended only one punishment and its assessment of the non-exclusive factors outlined in *Ervin v. State*, 991 S.W.2d 804 (Tex. Crim. App. 1999). In this analysis, the focus or gravamen of an offense is the best indicator of legislative intent when deciding whether a multiple-punishments double-jeopardy violation has occurred. *Garfias v. State*, 424 S.W.3d 54, 59 (Tex. Crim. App. 2014). In this case there is no double-jeopardy violation because the gravamen of each offense differs. Philmon was convicted of aggravated assault with a deadly weapon for threatening his victim with a metal bar; he was convicted of assault of a person with whom he had a dating relationship for trying to suffocate her with a plastic bag. The gravamen of the former offense is the threat, while the gravamen of the latter is the injury. *See id.* at 60–61. This best indicates that the legislature intended to allow these two offenses to result in multiple punishments when committed in the same criminal episode. *See id.*

But the same cannot be said of all possible prosecutions for these two offenses. A person may commit aggravated assault with a deadly weapon in more than one

way, including by causing serious bodily injury. *See* TEX. PENAL CODE §§ 22.01(a), 22.02(a)(1). When the bodily injury caused by an aggravated assault is the same as the injury caused by another assaultive offense on the same victim, the gravamina of the two crimes are identical. *See Hernandez v. State*, 556 S.W.3d 308, 327 (Tex. Crim. App. 2017) (gravamen of aggravated assault is victim and bodily injury that was inflicted); *see also Shelby v. State*, 448 S.W.3d 431, 439 (Tex. Crim. App. 2014) (allowable unit of prosecution for assaultive offenses is "each victim" and this indicates legislature "did not intend for one instance of assaultive conduct against a single person" to yield multiple assault convictions). Thus, under different circumstances than those before the court, multiple punishments for aggravated assault with a deadly weapon and assault of a person with whom the defendant had a dating relationship may violate the guarantee against double jeopardy.

The State concedes as much on appeal. "To be clear," says the State in its brief, it "does not contend multiple convictions and sentences for aggravated assault and assault can *never* present valid double jeopardy concerns."

The majority's analysis reads like the application of "a hard-and-fast rule" that multiple punishments for the two assaultive offenses at bar cannot present a double-jeopardy violation; because such a determination instead depends on the facts of each case, I respectfully concur in the judgment but not in the majority's reasoning. *See Garfias*, 424 S.W.3d at 64 (Cochran, J., concurring).

3

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Justice Goodman, concurring in the judgment.

Publish. TEX. R. APP. P. 47.2(b).