

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0788-20

---

**ENRIQUE ANGEL RAMOS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HIDALGO COUNTY

---

YEARY, J., delivered the opinion of the Court in which KELLER, P.J., and RICHARDSON, NEWELL, KEEL, SLAUGHTER and McCLURE, JJ., joined. HERVEY and WALKER, JJ., concurred in the result.

## O P I N I O N

In a single trial, Appellant was convicted both of continuous sexual abuse of a child, under Section 21.02(b) of the Texas Penal Code, and of prohibited sexual conduct under Section 25.02(a)(2). The latter conviction was for an act he committed against the same victim (his stepdaughter) as in the continuous sexual abuse of a child offense. It was also committed within the same timeframe during which he committed the acts comprising the continuous sexual abuse. The jury imposed his punishment at forty years and five years,

respectively, in the penitentiary, and the trial court ordered his sentences to be served consecutively.[1]

On appeal, Appellant argued that punishment for both offenses violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. U.S. CONST. amend. V. The Thirteenth Court of Appeals agreed and vacated Appellant's conviction for prohibited sexual conduct. *Ramos v. State*, No. 13-17-00429-CR, 2020 WL 4219574, at *7–11 (Tex. App.—Corpus Christi July 23, 2020) (mem. op., not designated for publication). We now reverse the judgment of the court of appeals and remand the cause to that court to address an outstanding point of error related to Appellant's conviction for the prohibited sexual conduct offense.[2]

## I.     BACKGROUND

In two counts, the indictment alleged both continuous sexual abuse of a child and prohibited sexual conduct.[3] In Count I, alleging continuous sexual abuse, it was alleged

---

[1] The trial court had discretion to stack the sentences for these two offenses under Section 3.03(b)(2)(A) of the Texas Penal Code, since the victim was younger than seventeen years of age. *See* TEX. PENAL CODE § 3.03(b)(2)(A) ("If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of . . . an offense . . . under Section . . . 21.02, [or] 25.02 . . . committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section[.]").

[2] Appellant challenged the sufficiency of the evidence to establish that the victim of the prohibited sexual conduct offense was his stepdaughter. *Ramos*, 2020 WL 4219574, at *1. Having vacated Appellant's conviction for that offense, the court of appeals did not address that sufficiency issue on original submission. *Id*. at *11 n.10.

[3] Count I of the indictment (Continuous Sexual Assault of a Child) alleged that Appellant:

during a period that was 30 days or more days in duration, to-wit: from on or about 11th day of August, 2011, through on or about 11th day of August, 2016, when the

that Appellant sexually abused the victim over the course of a period of five years, from August 11, 2011, until August 11, 2016. Among the acts of sexual abuse specified in that Count was "aggravated assault of a child by intentionally or knowingly causing the penetration of the sexual organ of [the victim] by [Appellant's] sexual organ[.]"[4] Count II

---

defendant was 17 years of age or older, commit two or more acts of sexual abuse against Alicia Gonzalez, a pseudonym, a child younger than 14 years of age, namely, aggravated sexual assault of a child, by intentionally or knowingly causing the sexual organ of Alicia Gonzalez to contact the sexual organ of the defendant, aggravated sexual assault of a child by intentionally or knowingly causing the penetration of the sexual organ of Alicia Gonzalez by defendant's sexual organ, indecency with a child by, with intent to arouse or gratify the sexual desire of the defendant, engaging in sexual contact with Alicia Gonzalez, by touching any part of the genitals of Alicia Gonzalez[.]

Count II of the indictment (Prohibit Sexual Conduct) alleged that Appellant:

on or about the 11th day of August, 2016, . . . did then and there intentionally or knowingly engage in sexual intercourse with Alicia Gonzalez, a pseudonym, a person the defendant knew to be, without regard to legitimacy, the defendant's stepchild[.]

[4] Sections 21.02(b) and (c) of the Penal Code read, in relevant part:

(b)  A person commits an offense if:

> (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

> (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense.

(c)  For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:

* * *

> (4) aggravated sexual assault under Section 22.021[.]

alleged that Appellant committed prohibited sexual conduct when, "on or about August 11, 2016," he "intentionally or knowingly engage[d] in sexual intercourse with [the same victim], a person [Appellant] knew to be, without regard to legitimacy, [his] stepchild[.]"[5]

The victim testified to one main incident that occurred specifically on August 11, 2016, in which Appellant penetrated her vagina with his penis. That date corresponds both with the last day of the five-year period alleged in Count I (alleging continuous sexual abuse of a child), and with the date of the offense alleged in Count II (alleging prohibited sexual conduct). The victim also testified more generally that Appellant had committed other acts of sexual abuse upon her during the five-year period, and Appellant was convicted of both offenses. For the first time on appeal, Appellant argued that to convict him and punish him for both, even in a single criminal proceeding, violated his double-jeopardy right not to be punished twice for the same offense.[6]

---

TEXAS PENAL CODE § 21.02(b) & (c).

[5] Section 25.02(a) of the Texas Penal Code reads, in relevant part:

(a) A person commits an offense if the person engages in sexual intercourse or deviant sexual intercourse with another person the actor knows to be, without regard to legitimacy:

* * *

(2) the actor's current . . . stepchild[.]

TEXAS PENAL CODE § 25.02(a)(2).

[6] The State does not directly argue that Appellant procedurally defaulted his double-jeopardy complaint for appeal. Because we conclude that there was no double-jeopardy violation in any event, we do not address that issue.

## II.     THE APPLICABLE LAW

### (a) Double Jeopardy: Multiple Punishments

The Double Jeopardy Clause of the Fifth Amendment, which the United States Supreme Court has held to be applicable to the states through the Fourteenth Amendment, is understood to incorporate three protections: (1) protection against a second prosecution for the "same" offense following an acquittal; (2) protection against a second prosecution for the "same" offense following a conviction, and (3) protection against multiple punishments for the "same" offense. *Kuykendall v. State*, 611 S.W.3d 625, 627 (Tex. Crim. App. 2020); *Speights v. State*, 464 S.W.3d 719, 722 (Tex. Crim. App. 2015). The present case involves an argument related to the third of these protections.

The traditional starting point for determining "sameness" for multiple-punishments double-jeopardy analysis is the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under *Blockburger*, two separately defined statutory offenses are presumed *not* to be the same so long as each requires proof of an elemental fact that the other does not. *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008); *Shelby v. State*, 448 S.W.3d 431, 436 (Tex. Crim. App. 2014). In comparing elements of the different statutory provisions, this Court has said, "[w]e not only examine the statutory elements in the abstract[,] but we also compare the offenses as pleaded[.]" *Shelby*, 448 S.W.3d at 436; *see also Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008) ("[I]n Texas, when resolving whether two crimes are the same for double-jeopardy purposes, we focus on the elements alleged in the charging instrument.").

But the *Blockburger* presumption is rebuttable. In *Ervin v. State*, this Court identified eight factors for courts to consider, among potentially others, in deciding whether the *Blockburger* presumption has been overcome:

> [W]hether the offenses provisions are contained within the same statutory section, whether the offenses are phrased in the alternative, whether the offenses are named similarly, whether the offenses have common punishment ranges, whether the offenses have a common focus (i.e. whether the "gravamen" of the offense is the same) and whether that common focus tends to indicate a single instance of conduct, whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e. a liberalized *Blockburger* standard utilizing imputed elements), and whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes.

991 S.W.2d 804, 814 (Tex. Crim. App. 1999).

### (b) Section 21.02 of the Penal Code

To obtain a conviction for continuous sexual abuse of a child, the State must show that the defendant committed at least two acts of sexual abuse against a child younger than 14 years of age during a period of at least 30 days' duration. TEX. PENAL CODE § 21.02(b). The statutory list of offenses that count as "acts of sexual abuse" are listed in subsection (c) of Section 21.02, and it includes aggravated sexual assault of a child. TEX. PENAL CODE § 21.02(c). One theory by which a defendant may commit aggravated sexual assault of a child is by intentionally or knowingly causing the penetration of the sexual organ of a child by any means when the child is younger than 14 years of age. TEX. PENAL CODE §§ 22.021(a)(1)(B)(i), 22.021(a)(2)(B). Count I of the indictment in this case (alleging continuous sexual assault of the child) specifically pled—in addition to other predicate

offenses to the offense of continuous sexual assault of a child—that Appellant committed aggravated sexual assault of the victim by intentionally or knowingly penetrating her sexual organ with his own, and that the victim was younger than 14 years of age. Thus, it satisfied the criteria for pleading an aggravated sexual assault of a child as a predicate of the offense of continuous sexual abuse.

The Court has construed Section 21.02(e) of the Penal Code to prohibit the State from obtaining convictions for both the overarching offense of continuous sexual abuse of a child and for any of the predicate offenses, listed in Subsection 21.02(c), shown to have occurred as underlying acts of sexual abuse for purposes of proving that continuous sexual abuse. *See Soliz v. State*, 353 S.W.3d 850, 853 (Tex. Crim. App. 2011) ("Aggravated sexual assault committed within the time frame of the indicted offense could be charged in the alternative or as a lesser-included offense (leading to just one conviction), but it could not be charged as an *additional* offense (leading to two convictions).") (construing TEX. PENAL CODE §§ 21.02(c); 21.02(e));[7] *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014)

---

[7] Section 21.02(e) of the Texas Penal Code reads:

(e)  A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as the victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):

(1)  is charged in the alternative;

(2)  occurred outside the period in which the offense alleged under Subsection (b) was committed; or

(3)  is considered by the trier of fact to be a lesser included offense of the offense alleged in Subsection (b).

TEX. PENAL CODE § 21.02(e).

("A defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed."); *Allen v. State*, 620 S.W.3d 915, 921 (Tex. Crim. App. 2021) ("[I]n determining whether a defendant may be convicted for a continuous abuse offense and an offense listed in § 21.02(c) in the same criminal action and against the same victim, the proper consideration is whether the evidence shows that the § 21.02(c) offense occurred outside of the period that the continuous abuse offense was committed."). But the offense of prohibited sexual conduct is not among the discrete statutory offenses listed in Subsection 21.02(c) that qualify as predicate "acts of sexual abuse" for purposes of prosecuting the offense of continuous sexual abuse of a child. So, for that reason, convicting and punishing Appellant for both offenses does not conflict with Section 21.02(e).

### (c) Section 25.02 of the Penal Code

As incorporated into Count II of Appellant's indictment, prohibited sexual conduct consists of "engag[ing] in sexual intercourse . . . with another person the actor knows to be, without regard to legitimacy[,] . . . the actor's current . . . stepchild[.]" TEX. PENAL CODE § 25.02(a)(2). "Sexual intercourse" in this context is defined as "any penetration of the female sex organ by the male sex organ." TEX. PENAL CODE § 25.02(b)(2). Section 25.02 contains no explicit provision to address whether an act that violates it may also be

prosecuted under another statute it may also have violated.[8] But the absence of such an explicit provision does not on its own definitively answer whether this offense is the "same" offense, for multiple-punishments double-jeopardy purposes, as continuous sexual abuse of a child in Section 21.02, as alleged in Count I.

## III.   ANALYSIS

### (a) The *Blockburger* Presumption

The *Blockburger* test reveals that the two offenses at issue in this appeal, as pled, each contain a distinct element that the other does not. Continuous sexual abuse of a child, as pled in Count I of the indictment, requires evidence of at least two acts of sexual abuse, perpetrated over the course of at least thirty days, against a child younger than 14 years of age. And prohibited sexual conduct, as pled in Count II, requires proof that the "person" with whom the actor had sexual intercourse was his "stepchild"—which "person" need not actually be a "child,"[9] and, in any event, would not have to be (and is not alleged in Count II to be) a child *younger than 14 years of age*. The court of appeals therefore correctly concluded that *Blockburger* operates to create a presumption in this case that the two

---

[8] *See Littrell*, 271 S.W.3d at 278 & n.30 ("The Legislature knows well enough how to plainly express its intention that an accused should suffer multiple punishments for the same offense.") (citing, *e.g.*, TEX. PENAL CODE § 22.04(h), which provides: "A person who is subject to prosecution under both this section [Injury to a Child, Elderly Individual, or Disabled Individual] and another section of this code may be prosecuted under either or both sections.").

[9] *See*, *e.g.*, *McKnight v. State*, No. 05-12-00445-CR, 2013 WL 4517276, at *4 (Tex. App.— Dallas Aug. 23, 2013, no pet.) (not designated for publication) (holding that a stepchild's age is not an element that must be proven in a prosecution for prohibited sexual conduct under Section 25.02(a)(2)).

offenses are *not* the same for multiple-punishment double-jeopardy purposes. *Ramos*, 2020 WL 4219574, at *8.

### (b) The First Four, the Seventh, and the Eighth *Ervin* Factors

In its discussion of the *Ervin* factors, the court of appeals rightly concluded that many of those factors confirm the *Blockburger* presumption of separate offenses in this case. *Id*. at *8–9. It began by addressing *Ervin*'s first four factors, which include:

(1) whether the offenses provisions are contained within the same statutory section;
(2) whether the offenses are phrased in the alternative;
(3) whether the offenses are named similarly; and
(4) whether the offenses have common punishment ranges.

*Ervin*, 991 S.W.2d at 814. We will begin by addressing the court of appeals' treatment of those first four factors.

With regard to the first *Ervin* factor—whether the offenses provisions are contained within the same statutory section—the court of appeals observed that "the offenses do not appear in the same statutory section." *Ramos*, 2020 WL 4219574, at *8. This, according to the court of appeals, "suggests that the Legislature did not intend for these offenses to be treated [as] the same [offense] for double jeopardy purposes or to disallow multiple punishments under these circumstances and weighs against a finding of a double jeopardy violation." *Id*. We agree. We observe that, not only do the two offenses appear in separate statutes, and even in separate chapters of the Penal Code, but they also appear in separate *titles* of that code. So, the first factor militates in favor of the *Blockburger* presumption that the offenses are different for multiple-punishment double-jeopardy purposes.

The second factor—whether the offenses are phrased in the alternative—in the view of the court of appeals, was simply "inapplicable." *Ramos*, 2020 WL 4219574, at *8. The court of appeals observed that, "[b]ecause the statutes appear in separate sections of the code, they cannot be construed to be phrased in the alternative." *Id*. We agree. Thus, the second *Ervin* factor cuts neither for nor against the *Blockburger* presumption.

The court of appeals decided, however, that *Ervin*'s third factor—whether the offenses are named similarly—weighed "in favor of treating the offenses as being the same for double jeopardy purposes" merely because the two offenses both share the word "sexual" in their names. *Id*. We disagree. There is more to determining whether offenses are "similarly named" as called for by the third *Ervin* factor than to simply notice that a single word is shared between names of both offenses. When the names of two offenses share a common word, but they are found within distinctly named Titles and Chapters of the Penal Code, more must be considered before concluding that they are "named similarly" as described by *Ervin*'s third factor.

The offense of continuous sexual abuse of a child is found in Title 5, which is named "Offenses Against the Person," and, within that title, it is placed in Chapter 21, which is designated "Sexual Offenses." The offense of prohibited sexual conduct does share the word "sexual" with Chapter 21 in Title 5, but it is set out in Section 25.02, which appears in Chapter 25, and in Title 6 of the Penal Code (Chapter 25 being the *only* chapter in Title 6), which is designated "Offenses Against the Family." And no other offense defined in Chapter 25 contains the word "sexual" in its caption. All of these additional considerations cause us to conclude that, even though both offenses share a common word in their names,

they are not "similarly named" as the court of appeals concluded in its analysis of *Ervin*'s third factor. *Ramos*, 2020 WL 4219574, at *8.[10]

What is more, we conclude that the court of appeals rightly observed, with regard to *Ervin*'s fourth factor, that the two offenses carry widely different punishment ranges. *Id*. Continuous sexual abuse of a child is a much more serious offense: a first-degree felony with a mandatory minimum punishment of 25 years in the penitentiary. TEX. PENAL CODE § 21.02(h). Prohibited sexual conduct, at least of the kind alleged in Count II of the indictment, is but a third-degree felony, with a maximum punishment of ten years in the penitentiary. TEX. PENAL CODE §§ 25.02(c), 12.34(a).

The court of appeals thus conceded that three of the first four *Ervin* factors are either "inapplicable" or point in the same direction as the *Blockburger* analysis: that continuous sexual abuse and prohibited sexual conduct are *not* the same for purposes of a multiple-punishments double-jeopardy analysis. *Ramos*, 2020 WL 4219574, at *8–9. And, as we have explained, we reject the court of appeals' conclusion that the third *Ervin* factor—that "the offenses are named similarly"—"weighs in favor" of finding the offenses to be the same, contrary to the *Blockburger* presumption. *Id*. at *8.

Although the court of appeals next purported to address the "remaining [*Ervin*] factors", which at least implicitly would have included the seventh and eighth factors in addition to the fifth and sixth factors, it does not appear to have addressed the seventh and

---

[10] This was the only one of the first four factors that the court of appeals found to support the conclusion that the offenses are the "same" under *Ervin*, *Blockburger* notwithstanding.

eighth factors at all, at least not expressly. *Ervin*'s seventh and eighth factors are: (7) whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e. a liberalized *Blockburger* standard utilizing imputed elements), and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes. We perceive nothing in the court of appeals' opinion that expressly addressed these factors.

Nevertheless, we conclude that *Ervin*'s seventh and eighth factors do not counsel in favor of rejecting the *Blockburger* presumption. First, the elements that differ between the offenses are nothing at all alike. Continuous sexual abuse of a child requires proof that a defendant engaged in at least *two acts* of sexual abuse. Prohibited sexual conduct requires proof that the defendant engaged in sexual intercourse *with a stepchild*. The former's distinctive element addresses a repetition of sexual conduct. The latter's distinctive element addresses the familial relationship of the person with whom the defendant engaged in sexual intercourse. There is no sense in which these very distinct elements might be considered to be imputed for purposes of the analysis called for by *Ervin*'s seventh factor.

And finally, the legislative history of the two statutes at issue here—addressed pursuant to *Ervin*'s eighth factor—reveals no basis to conclude that they are meant to be treated as the same for double jeopardy purposes. The two statutes are of entirely different vintages. Prohibited sexual conduct appeared in the 1973 Penal Code at its inception, a carryover from earlier penal codes. Indeed, in one form or another, the crime of incest has long been a feature of statutory law in Texas. *Johnson v. State*, 20 Tex. App. 609, 615

(1886); *McGrew v. State*, 13 Tex. App. 340, 342 (1883). Continuous sexual abuse of a child, in contrast, was only added in 2007, apparently as a prompt legislative response to Judge Cochran's concurring opinion in *Dixon v. State*, 201 S.W.3d 731, 737 (Tex. Crim. App. 2006) (Cochran, J., concurring), in which she decried the need for a more overarching statute "the real gravamen" of which would address "the existence of a sexually abusive relationship with a young child . . . marked by continuous and numerous acts of sexual abuse of the same or different varieties." *See Price*, 434 S.W.3d at 608 (discussing Judge Cochran's concurrence in *Dixon*); Acts 2007, 80th Leg., ch. 593, § 1.17, eff. Sept. 1, 2007 (enacting Section 21.02). While the evident purpose of Section 21.02 is, thus, to facilitate the protection of vulnerable young children from sexually predatory adults, Section 25.02 addresses a different societal interest altogether—the sanctity and integrity of the family unit—by criminalizing various acts of incest, regardless of whether children are involved.

### (c) The Focus or Gravamen: *Ervin*'s Fifth and Sixth Factors

So why did the court of appeals ultimately conclude that the *Blockburger* presumption was nevertheless overcome in this case? The court of appeals acknowledged Appellant's concession that prohibited sexual conduct was not one of the listed predicate offenses of continuous sexual abuse of a child. But it also noted that Ramos claimed that "the language of the prohibited sexual conduct charge mirrors that of the predicate offense charged here: aggravated sexual assault; [and that] as such, the two convictions cannot contemporaneously stand." *Id*. at *10. The court of appeals addressed this claim, in its analysis of *Ervin*'s fifth and sixth factors—(5) whether the offenses have a common focus . . . and (6) whether that common focus tends to indicate a single instance of conduct—by

comparing what it perceived to be the focus or gravamen of aggravated sexual assault of a child, as pled as a predicate offense in Count I of the indictment, with the focus or gravamen of prohibited sexual conduct, as alleged in Count II.

In addressing the gravamens of the two statutes, the court of appeals first observed that both offenses are nature-of-conduct type of offenses. *Id*. at *10. It then determined that the common focus of the two provisions was Appellant's penetration of the victim's sexual organ with his own on a particular date (August 11, 2016). *Id*. It ultimately agreed with Appellant that "[w]hen the two charges stem from the impermissible overlap of the same underlying instances of conduct against the same victim during the same time period, the record shows a double jeopardy violation." *Id*. at *11. For support of this conclusion, the court of appeals relied heavily upon language it excerpted, albeit with interlineations, from this Court's opinion in *Bigon*: it declared that "it is hard to fathom that the Legislature intended for the same conduct against the same complaining witness and time period to result in multiple convictions." *Id*. (quoting—with interlineations—*Bigon*, 252 S.W.3d at 372) (brackets omitted).

We disagree with the court of appeals' assessment of the respective gravamens of the two offenses at issue in this case. Beginning with Section 21.02, we observe that continuous sexual abuse of a child has a nature-of-conduct component: the repeated commission of sexual abuse. But it also has several essential circumstance-surrounding-conduct components: that the victim of the repeated sexual abuse must be a child younger than 14 years of age, and that the instances of sexual abuse must occur over a period of at least 30 days in duration. As for the list of predicate offenses in Section 21.02(c), the statute

is indifferent as to which specific offenses are committed, so long as at least two are committed against a child of the requisite age over a period of thirty days or more. They operate essentially as manner and means of committing discrete aspects of the overarching continuous sexual abuse offense, but they do not define its essence.

The gravamen of a Section 21.02 offense is not a particular instance of one of the offenses listed in Section 21.02(c). Instead, it is the commission of at least two such offenses. Indeed, the jury need not even be unanimous with respect to which predicate offenses were committed, or when they were committed; they need only agree that at least two such offenses were committed over a greater-than-thirty-day period.[11]

Turning to Section 25.02(a), we disagree with the court of appeals that the focus of the prohibited sexual conduct statute is exclusively the act of sexual intercourse. We have said that "[w]hen a culpable mental state is required to attach to a particular circumstance, it is because that circumstance is the gravamen of the offense." *Huffman v. State*, 267 S.W.3d 902, 908 (Tex. Crim. App. 2008). Sexual intercourse is not an inherently culpable act. It is criminally actionable under Section 25.02(a)(2)—the theory of the offense alleged in Count II—only if the actor *knows* that the person with whom he is having intercourse is

---

[11] This is so because of Section 21.02(d), which reads:

(d)  If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

TEX. PENAL CODE § 21.02(d).

(or was) his stepchild. TEX. PENAL CODE § 25.02(a)(2). The gravamen of the offense is, therefore, sexual intercourse *with a stepchild*.

What this all means is that each statute at issue in this case has a different and discretely identifiable element that must be present before any penetration becomes part of an actionable offense: repeated sexual abuse of a child over time, on the one hand, versus sexual conduct in the context of a familial relationship, on the other. Thus, the *Ervin* focus/gravamen factors also militate in favor of the conclusion that the offenses are not the same. And, even though the same conduct happens to violate both statutes, that fact does not operate to reverse the *Blockburger* presumption that, because each has an element (even as alleged) that the other does not, they are not the same offense for purposes of the Double Jeopardy Clause's multiple-punishments protection.

Finally, although the court of appeals relied on this Court's opinion in *Bigon*, that case is plainly distinguishable from this one. In *Bigon*, the Court addressed two result-of-conduct types of offenses: felony murder and intoxication manslaughter. 252 S.W.3d at 370–72. The Court observed that "[t]he focus of the two offenses is the same: the death of an individual." *Id*. at 371. So long as the same homicide victim is involved, "the sameness of the result is an indication that the Legislature did not intend to impose multiple punishments." *Id*. Indeed, the Court determined that this indication was sufficiently strong that it trumped the *Blockburger* presumption that the offenses were different based on the Court's comparison of the elements as pled in the indictment. *Id*. at 370, 372. But neither continuous sexual abuse of a child nor prohibited sexual conduct even has a result-of-conduct element, much less could either be described overall as a result-of-conduct type of

offense. The Court's analysis of the respective gravamens of the offenses at issue in *Bigon* is not dispositive of how the respective gravamens in this case should be analyzed. The court of appeals was mistaken to believe otherwise.

## IV. CONCLUSION

The *Ervin* factors—including the focus/gravamen factor—ultimately militate in favor of concluding that continuous sexual abuse of a child and prohibited sexual conduct are not the same offense for purposes of a multiple-punishments double-jeopardy analysis. Consequently, the *Blockburger* presumption—*i.e.*, that they are not the same offense—has not "clearly" been rebutted. *Ex parte Benson*, 459 S.W.3d 67, 89 (Tex. Crim. App. 2015). We therefore reverse the judgment of the court of appeals to the extent that it vacated Appellant's conviction and punishment for the offense of prohibited sexual conduct, and we remand the cause to the court of appeals for it to consider Appellant's remaining point of error with respect to that offense.

DELIVERED: October 20, 2021
PUBLISH